Bagwell v. The Town of Lawrenceville.

1. The phrase, "An act to amend the several acts incorporating the Town of Lawrenceville," is sufficiently descriptive of the law to be amended, the amending act not undertaking to expressly repeal or modify any of the provisions contained in the acts incorporating the Town of Lawrenceville, but only adding affirmative legislation which might have been constitutionally enacted without making any reference whatever to existing laws touching that town, the sole repealing clause in the act being the usual general clause repealing all conflicting laws and parts of laws. The descriptive phrase being set out in the title of the act, it was unnecessary to repeat it in the body of the same.

2. A statutory power conferred upon a municipal corporation, " to protect the health, property and person of the citizens of the town, and to preserve peace and good order therein," and " to make and pass all needful orders, by-laws, ordinances, resolutions, rules and regulations, not contrary to the constitution and laws of this State, and to prescribe, impose and enact reasonable fines and penalties, etc.," is comprehensive enough and specific enough to enable the corporation to pass and enforce an ordinance prohibiting any person from keeping a " blind tiger," or keeping for sale, barter or exchange any vinous, spirituous or malt liquors within the corporate limits of the town, there being no law of the State which prohibits or makes penal the acts to which the ordinance applies, and it not appearing that the county in which the town is situate is one in which liquors could lawfully be sold with or without license. It is legitimately within the scope of general police powers to inhibit the keeping of intoxicating liquors for illegal sale, or the keeping of places for conducting such sales.

July 30, 1894.                                    Judgment affirmed.

*Certiorari.* Before Judge Hutchins. Gwinnett superior court. September term, 1893.

Bagwell was convicted in the mayor's court of Lawrenceville for violating the ordinance described in the second head-note; which conviction was sustained on *certiorari.* He contended that the charter of the town conferred no power to enact such legislation (see Acts

1882–83, p. 356); also, that the act just cited is violative of the constitutional provisions found in the code, §§5076, 5067.

C. H. BRAND, for plaintiff in error.