PAULK *v.* MAYOR AND ALDERMEN OF SYCAMORE.

Possession of intoxicating liquors for the purpose of selling them contrary to law is not a crime punishable under the laws of this State; and therefore it is competent for the authorities of a municipal corporation, when authorized by its charter, to adopt an ordinance declaring such possession to be an offense against the city, and to provide that the offender shall be punished for the same. What is known as the "general welfare clause" in municipal charters confers the power to pass such an ordinance. This power may be exercised by municipalities wherein the sale of liquor is lawful under license, as well as those within the limits of which the sale is entirely prohibited. Possession of liquors for the purpose of selling them contrary to license laws is as much within the domain of legislation by municipal corporations, as possession for the purpose of sale contrary to prohibition laws.

Argued April 21, — Decided July 18, 1898.

Certiorari. Before Judge Smith. Irwin superior court. February 24, 1898.

*W. A. Hawkins* and *Thomson & Whipple*, for plaintiff in error. *J. H. Martin* and *Thomas Eason*, contra.

COBB, J. J. E. Paulk was arraigned in the municipal court of the Town of Sycamore, charged with a violation of an ordinance which prohibited the keeping on hand for sale of spirituous, malt, or intoxicating liquors. The accused admitted the

facts involved in the charge, but maintained that the corporate authorities had no power to enact the ordinance. His contention was overruled, and he presented a petition for certiorari, in which he set forth that the ordinance under which he was convicted had been repealed; and that, if not repealed, the same was illegal and void, because of a want of power in the city authorities to pass it. In answer to the writ of certiorari, the mayor stated that the ordinance had not been repealed, but had been amended and was still of force; and further, that no point was made before him at the trial in relation to the ordinance, other than that the same was void for want of power in the city authorities to enact it. The certiorari was overruled, and the accused excepted. The ordinance under which the accused was convicted was as follows: "It shall be unlawful for any person to keep or have in his possession, within the limits of Sycamore any brandy, whisky, lager-beer, or any intoxicating viands of any sort, for the purpose of selling, bartering, or dealing in same within the corporate limits of the City of Sycamore."

There has been much legislation in reference to the sale of liquors within the limits of this town. We will briefly refer to the several acts relating to the subject. By an act approved February 24, 1877, it was declared to be unlawful for any person within the 432d district G. M. of Irwin county, which embraced the territory afterwards incorporated as the Town of Sycamore, to sell any intoxicating, or ardent, spirits within the limits of such district, without the consent or approval of two thirds of all the legal voters therein. A violation of this act was declared to be a misdemeanor and punishable as such. Acts 1877, p. 337. By an act approved February 27, 1877, it was provided that it was lawful for the manufacturers of domestic wines in this State to sell the same by wholesale, or in quantities not less than one quart; and it was declared therein that nothing in the license laws of this State should be held to apply to such sales. Acts 1877, p. 33. By an act approved September 26, 1879, the sale of all spirituous or intoxicating liquors was prohibited within the limits of Irwin county, and the sale of such liquors was declared to be a misdemeanor and

punishable as such.   Acts 1878–9, p. 388.   The Town of Syc-
amore in the county of Irwin was incorporated by an act ap-
proved September 29, 1891.   Acts 1890–91, vol. 2, p. 817.
This act provides that sections 774–797 inclusive of the Code of
1882 (Pol. Code, §§ 684–710), so far as not in conflict with any-
thing in the act incorporating the town, are embodied in and
made a part of its charter.   One of the sections thus made a part
of the town charter declared that the municipal authorities
should have "power to license and regulate the management of
barrooms, saloons," etc.   Pol. Code, § 702.   It was further pro-
vided in the act of 1891, chartering the town, that "no intoxi-
cating, spirituous or malt liquors shall ever be sold in said town."

It will be seen at a glance that the question as to whether
the sale of intoxicating liquors is lawful or unlawful in the
town of Sycamore is one involving no little difficulty, when we
look alone at the statutes dealing with the subject.   When we
consider the decisions of this court relating to some of the acts
embraced in the above enumeration, the difficulty in deter-
mining this question is decidedly increased.   The act of 1879,
which prohibited the sale of all spirituous or intoxicating liquors
in Irwin county, has been held to be unconstitutional, because
broad enough in its terms to prohibit the sale of domestic
wines.   So construed, it became a special law relating to a
subject for which provision was made by an existing general
law, that is, the act of 1877, protecting the sale of such wines.
*Papworth* v. *State*, 103 *Ga.* 36.   According to the principle
ruled in the case of *Bagley* v. *State*, 103 *Ga.* 388, that provision
in the charter of the Town of Sycamore, prohibiting the sale of
liquors, is unconstitutional, because it is a special law dealing
with a subject which has already been provided for by the gen-
eral local option liquor law.   Pol. Code, §§ 1541 et seq.   That
portion of the charter of the Town of Sycamore being eliminated
by the effect of this decision, it would seem that the power of
the municipal authorities to deal with the subject of the sale of
liquors was to be determined by that section of the code, above
cited, relating to barrooms and saloons, unless the act of 1877,
in relation to the sale of liquors within the militia district
which embraces the Town of Sycamore, is still of force and un-

repealed. If this act was not repealed by the act creating a charter for the Town of Sycamore, no person has authority to sell liquor within the limits of the town, without complying with the provision of that act requiring the consent of two thirds of the legal voters of the district, as well as complying with the general law of the State in reference to the registry of persons engaged in the sale of liquors (Pol. Code, § 791), and also any ordinances which may be passed by the municipal authorities of the Town of Sycamore in the exercise of the power given them to license and regulate barrooms and saloons. If this law was repealed by the act creating the charter, then no person has a right to sell liquor within the Town of Sycamore until he complies with the law in regard to registering as a liquor-dealer, and also obtains a license from the authorities of the town. We have stated the foregoing simply to call attention to the difficulties which surround a determination of the question as to what is the law relating to the sale of liquor in the Town of Sycamore. For the purposes of this decision, we do not deem it necessary to decide this question; and what has been said is merely a suggestion as to questions which may arise, and nothing said is to be construed as a decision on the right and power of the municipal authorities to deal with the subject of licensing the sale of liquors. The sale of liquors in the Town of Sycamore is either absolutely unlawful, or lawful only when a license has been obtained from the proper authorities. It has been held by this court that the municipal authorities of a town situated in a county in which the sale of liquors is entirely prohibited had power, in the exercise of their authority "to protect the health, property, and persons of the citizens of the town, and to preserve peace and good order therein," and "to make and pass all needful orders, by-laws, ordinances, resolutions, rules and regulations, not contrary to the constitution and laws of this State, and to prescribe, impose and enact reasonable fines and penalties," etc., to pass and enforce an ordinance prohibiting the keeping for sale, barter or exchange of vinous, spirituous, or malt liquors within the corporate limits of the town. *Bagwell* v. *Lawrenceville*, 94 *Ga.* 654; *Mayson* v. *Atlanta*, 77 *Ga.* 662.

The general law of the State punishes a person who sells liquors in violation of the law prohibiting such sales. Possession of such liquors for the purpose of selling them in violation of law, while a component part of the offense against the State, is not, in itself, punishable by the laws of the State, and is therefore within the province of municipal legislation. But it may be said that in the cases cited the sale of liquor was entirely prohibited in the counties in which the municipal corporation which passed the ordinance was situated. There seems to us to be no distinction between cases of this character and where the sale of liquor is authorized under a condition, such as the granting of a license, or the like. The sale of liquor without a license in a place where a license is required is just as unlawful as would be the sale in territory where no license was obtainable, although the offenses would be punishable under different statutes. If a person may have liquors in his possession for the purpose of unlawful sale in a county in which no sale can be lawfully had, certainly a person may have them in his possession for the purpose of sale contrary to the license laws where the sale is lawful only under license. That such is a daily occurrence is a matter of common knowledge. The records of this court show that there are violators of license laws as well as violators of prohibition laws. If the municipal authorities can punish a person who is in possession of liquors for the purpose of sale contrary to the terms of a prohibition law, there is no sound reason why a municipal corporation should not punish a person who is in possession of liquors for the purpose of sale in violation of the license laws of the town. The ordinance passed by the authorities of the Town of Sycamore appears to be almost identical in language and scope with the ordinance passed by the Town of Lawrenceville in *Bagwell's* case, supra. The charter of the Town of Sycamore authorizes its council "to protect the property and person of the citizens of such town or village, and to preserve peace and good order therein, and for this purpose to appoint, when necessary, a police force to assist the marshal in the discharge of his duties" ; and to carry into effect the powers conferred in its charter they have authority "to make and pass all needful orders, by-laws, ordinances, reso-

lutions, rules and regulations, not contrary to the constitution and laws of this State, and to prescribe, impose, and enact reasonable fines, penalties, and imprisonments," etc. Pol. Code, § 696. It seems clear, therefore, that the city authorities had the power to pass the ordinance in question. It may be that in cities where the sale of liquor is lawful under license, it would not be so easy to convict a person charged with a violation of an ordinance prohibiting the possession of liquors for the purpose of unlawful sale, as it would be in a town or city where the sale of liquors was entirely prohibited. When the sale of liquor is entirely prohibited, its possession in such quantities, or at such places, as would be necessarily inconsistent with the idea of its being on hand for private consumption only, would be strong circumstances tending to show that the possession was for the purpose of sale. A large quantity of liquor in a man's place of business in a city where the sale of liquor was unauthorized would be indicative of an intention to sell, though this fact alone might not be sufficient to convict. In a city where the sale of liquor would be lawful under license, the possession of any quantity in any place consistent with the license would not be even a circumstance to be considered by the court trying a person for having liquor in his possession for the purpose of sale contrary to the license laws. To illustrate: If, in a town where the sale of liquors was entirely prohibited, it was shown that the keeper of a drug-store was accustomed to have on hand in the store large quantities of liquors, and that persons were accustomed to assemble therein, and were known to come from such place in an intoxicated condition, a violation of an ordinance against keeping liquors for unlawful sale would be established; but if in a town where the sale of liquor by license was authorized, and the keeper of a drug-store has such license, the possession of any quantity of liquor consistent with the license would never be a circumstance to his prejudice. If, however, during the days or hours at which he was not allowed by law to sell under the license it was shown that a sale had taken place, then a violation of the ordinance would be made out, because it would be manifest that, at least so far as that particular quantity which was sold was concerned, he had

that in his possession for the purpose of violating the license laws.

When the accused in the present case was brought into court, he admitted that he had in his possession for the purpose of sale liquors of the character named in the ordinance. It was not pretended that he had a license from any competent authority to sell such liquors. His possession was solely for the purpose of selling contrary to law. If the sale of liquor is entirely prohibited by law in the town of Sycamore, his possession was unlawful for that reason. If the sale of liquor is only lawful there when a person has a license from the proper authorities, and unlawful otherwise, then his possession of this liquor for the purpose of selling it was likewise unlawful; and it is immaterial to a proper solution of this case what is the real truth of the matter, because, under any view of it, the accused is a violator of the law. If he had pleaded a license from the proper authorities authorizing him to sell within the town of Sycamore, then it would have been incumbent upon us to decide what is the status of this town in regard to the sale of liquors. The accused admitted having the liquors in his possession for the purpose of selling them. The town had authority to pass the ordinance. The admission of the accused was, in effect, a plea of guilty; and the judge was therefore right in overruling the certiorari.

*Judgment affirmed. All the Justices concurring.*