THE PEOPLE *ex rel.* Freise, County Collector,

*v.*

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

TAXES—*burden of proving appropriation ordinance invalid is upon objector.* The burden of proving an appropriation ordinance invalid because it purports to be for the fiscal year subsequent to the one in which it was passed is upon the objector, and if he fails to introduce such ordinance in evidence, relying upon proof as to its substance, and the levy ordinance, which was in evidence, recites that the appropriation was made for the "current" fiscal year, the objection is not sustained by the proof.

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

JOHN E. MARDOCK, for appellant.

GRIER & STEWART, (CHESTER M. DAWES, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the county court of Mercer county by the People, on the relation of Charles A. Freise, county collector, to reverse a judgment sustaining objection to the confirmation of the corporation tax of the city of Aledo for the year 1899, levied against the property of appellee. The city tax extended against appellee's property for that year amounted to $257.19. Not being paid it was returned as delinquent, and application was made by the appellant for judgment at the June term of the county court, 1900, where appellee appeared and filed the following objection: "That as to the said corporation tax of the city of Aledo this objector shows that no appropriation ordinance was passed within the first quarter of the municipal fiscal year of the said city of Aledo upon which to base a tax levy ordinance, and that the said tax is therefore wholly illegal and void for want of compliance with the statute." This objection

was sustained and the court overruled the application for judgment. The only question raised here is whether the county court properly sustained this objection to the tax.

The objection is based upon the fact that the appropriation and levy ordinances passed by the city in the year 1899 contain a statement in the body thereof that they are for the fiscal year "beginning January 1, *1900*." On the other hand, it is contended by appellant that these appropriation and levy ordinances were passed at the proper time in the year 1899; that they were for the current expenses of that year, and were based on the assessed valuation of property made that year, but by mistake the figures "1900" were inserted instead of "1899," and that this being a mere error it will not avoid the tax, but is cured by section 191 of chapter 120 of the Revised Statutes, (Revenue act,) which provides: "No error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

If it be conceded that the objection insisted upon,— that is, that the date January 1, 1900, rendered the ordinance void,—is a valid one, still we think the objection as filed in the county court was too general to properly raise that question. In other words, that objection did not specify "in writing the *particular* cause of objection," as required by paragraph 193 of the Revenue act. (3 Starr & Cur. Stat. 3470.)

But another obstacle to the judgment below appears from the evidence introduced and the stipulation of facts. It was stipulated "that appropriation ordinances were passed and approved during the first quarter of each of the fiscal years 1895 to 1899, inclusive, each of which specified that it was for the subsequent fiscal year than that in which it was passed; that levy ordinances have been passed in each and every fiscal year from 1887 to

1899, inclusive, for the current fiscal year in which each was passed, and that the tax for each of said years under the levy ordinance has been extended for each year in which the levy ordinances have been passed by the city council; that the levy for the fiscal year 1899 was made and the tax extended under said levy ordinance passed in 1899, on the assessed valuation of taxable property in the city of Aledo for the year 1899, as shown by the returns of the books of the assessor for that year." Here is an admission, in the face of the objection, that an appropriation ordinance was passed in the first quarter of the fiscal year in question; that the levy for the "current year,"—*i. e.*, 1899,—was made, in pursuance of that ordinance, on the assessed valuation for that year, all of which was in strict compliance with the statute, the only irregularity being that the appropriation ordinance stated that it was for the subsequent fiscal year than that in which it was passed.

The burthen of proving the appropriation ordinance invalid was upon the objector. It does not appear to have been introduced in evidence. Having failed to introduce the ordinance itself, but relying merely upon proof as to the substance of it, and the levy ordinance (which was in evidence) reciting that the appropriation was made for the current year, we think not only has the objector failed to sustain its objection by sufficient evidence, but that, on the contrary, enough appears to show a substantial compliance with the statute. The insertion of the wrong date clearly appears to have been an "error or informality of the officers connected with the assessment, levying and collecting of the taxes, not affecting the substantial justice thereof," and under the provisions of the section of the statute first above quoted the objection should have been overruled.

The judgment of the county court will be reversed and the cause remanded, with direction to overrule the objection.                    *Reversed and remanded.*