## OSBURN *v.* MAYOR AND COUNCIL OF MARIETTA.

A municipal ordinance prohibiting the having or keeping for illegal sale of any intoxicating, spirituous, vinous, or malt liquors, the having of any place where any of said liquors are stored or kept for illegal sale or to be distributed or to be frequented and drunk, and the distributing of any of said liquors or the doing of any other act that tends to increase or produce drunkenness, is not unconstitutional as in conflict with the general domestic-wine act of 1877. *Papworth* v. *State*, 103 *Ga.* 36, distinguished.

Argued April 29.— Decided May 30, 1903.

Certiorari. Before Judge Gober. Cobb superior court. March 28, 1903.

*J. Z. Foster*, for plaintiff in error.

*J. E. Mozley* and *D. W. Blair*, contra.

CANDLER, J. The accused was tried and convicted in the mayor's court of the City of Marietta, under an ordinance a copy of which is as follows: "No person shall have or keep any intoxicating, spirituous, vinous, or malt liquors in said city for the purpose of illegal sale. Nor shall any person have any place in said city where any of said liquors are stored or kept for illegal sale, or to be distributed or to be frequented and drunk. Nor shall any person distribute any of said liquors in said city, or do any other act that tends to increase or produce drunkenness. Any person violating any of the provisions of this section shall on conviction be fined not more than fifty dollars." On the trial it was shown that the accused had on several occasions sold whisky at a livery stable in the City of Marietta. His sales were always made at the same

place, and the whisky was sold in any quantity desired by the purchaser. In his statement the accused practically admitted having sold whisky to the witness introduced to prove the sales. The case was carried by certiorari to the superior court of Cobb county, and the certiorari was overruled; whereupon the accused excepted. The main contention in the court below, and in this court, is that the ordinance under which the accused was convicted is invalid as in conflict with the general domestic wine act of 1877. In addition one or two minor questions were raised as to the form of the affidavit upon which the accusation was based, but it is sufficient to say that in our opinion these questions present no sufficient reason for reversing the judgment of the court below.

By reference to the ordinance which has been attacked, and which we have already set out, it will be seen that the law is aimed solely at the keeping of intoxicating liquors for "illegal" sale. We see no reason why the City of Marietta may not lawfully prohibit the illegal sale of anything, no matter what restrictions and protections are thrown around it by the general law of the State. Under certain conditions the accused might legally have sold domestic wines, but this ordinance would not have affected him in the slightest in regard to such sales. It does not attempt to impose any penalty upon persons legally selling domestic wines or other liquors. Its only aim is to prevent illegal sales of such wines and liquors. The act approved December 16, 1895 (Acts 1895, p. 91), expressly authorized any town or city in this State "to regulate the sale of domestic wines," and to provide for licensing the same. By that act penalties were provided for the violation of its provisions. Plainly, the ordinance now under consideration comes within the scope of that act, and no valid reason has been assigned for holding it unconstitutional. As to this general subject, see *Bagwell* v. *Lawrenceville*, 94 *Ga.* 654; *Paulk* v. *Sycamore*, 104 *Ga.* 728, and cases cited. It need hardly be added that there is nothing in the decision in this case which conflicts with the ruling of this court in *Papworth* v. *State*, 103 *Ga.* 36, and the subsequent cases which have been based upon that ruling. The writer takes this occasion, however, to record himself as agreeing with the dissenting opinion of Justices Little and Lewis as expressed in the *Papworth* case, but this is not the time or the occasion to enter into a discussion of the questions there raised. 　　　　　*Judgment affirmed. By five Justices.*