## BURDEN *v.* THE STATE.

EVANS, J. 1. The special assignment of error that the evidence showed that the accused merely acted as the agent of the buyer in getting the whisky he was charged with unlawfully selling, and did not make a sale thereof or have any interest whatever in it, is embraced in the general grounds of the motion for a new trial, wherein complaint is made that there was not sufficient evidence to warrant a conviction.

2. The conviction can not be held to be contrary to the evidence, it appearing that a witness for the State testified that he gave to the accused a certain sum of money, and a short while thereafter the accused delivered to him a quart of whisky, and it further appearing from the testimony of another witness that the accused, when asked "what he sold that liquor for," replied that he was drinking too much of it himself, and let the person to whom he was charged with selling it "have it to get rid of it." Though the accused, in his statement, undertook to explain that he acted merely as the agent of the purchaser and bought the whisky from a named person who had the reputation of running a "blind tiger," the judge who tried the case was warranted in reaching the conclusion that the explanation offered by the accused was a mere subterfuge to cover up an illegal sale really made by himself. *Mack* v. *State*, 116 *Ga.* 546.

<em>Judgment affirmed. All the Justices concur.</em>

Submitted April 23,—Decided May 10, 1904.

Indictment for unlawfully selling liquor. Before Judge Proffitt. City court of Elberton. March 5, 1904.

*H. J. Brewer*, for plaintiff in error.
*Thomas J. Brown*, solicitor, contra.

---

## REESE *v.* CITY OF NEWNAN. COOK *v.* CITY OF NEWNAN.

SIMMONS, C. J. 1. Under the "general welfare clause" in its charter, a municipal corporation has authority to make penal the keeping of intoxicating liquors for the purpose of illegal sale. *Paulk* v. *Sycamore*, 104 *Ga.* 728.

2. One who receives money and delivers whisky in exchange therefor may be treated as the seller, when no other person is shown to have filled that capacity. *Mack* v. *State*, 116 *Ga.* 546. Proof, on the trial of one accused of keeping liquor for illegal sale, that the accused made an illegal sale of liquor is sufficient to show that the liquor sold was kept on the particular occasion for the purpose of illegal sale. *Rooney* v. *Augusta*, 117 *Ga.* 709.

<em>Judgment in each case affirmed. All the Justices concur.</em>

Submitted April 23, — Decided May 10, 1904.

Certiorari. Before Judge Freeman. Coweta superior court. March 18, 1904.

*W. L. Stallings*, for plaintiff in error. *A. H. Freeman*, contra.