ROBINSON *v.* MAYOR AND COUNCIL OF AMERICUS.

The Mayor and Council of Americus, under the general welfare clause of the charter of that city, was authorized to prohibit by ordinance the having and keeping for unlawful purpose of wine, beer, or other intoxicating beverages ; and had jurisdiction to try one charged with a violation of this provision of section 398 of its code of ordinances.

Argued October 17, —Decided November 11, 1904.

Certiorari.    Before Judge Littlejohn.    Sumter superior court. June 20, 1904.

*Blalock & Cobb,* for plaintiff in error.
*J. H. Lumpkin,* contra.

Evans, J.  On appeal from an adverse judgment of the mayor's court of the City of Americus, the plaintiff in error was tried before the mayor and council of that city on the charge of violating section 398 of the code of ordinances of the City of Americus. That section (398) of the city code declares that: "Each and every person or persons who shall carry on any business, or have or keep for gain any article or thing which the Mayor and City Council of Americus has declared to be the subject-matter of license, without taking out a license therefor as herein required, shall, on conviction, be punished as prescribed in section 19 of the charter, for each day he, she, or they may so offend."   Before the introduction of any evidence the plaintiff in error moved to dismiss the case, because neither the mayor nor the Mayor and Council of the City of Americus had jurisdiction of the offense. This motion was overruled.   On the trial a witness testified that the plaintiff in error sold at her house, to a named individual, two bottles of beer at fifty cents each, and that witness had seen the plaintiff in error, at other times prior to this sale, sell beer in her house to other persons whose names were not remembered by the witness.   This evidence was objected to on the ground that the city had no jurisdiction of the offense, and therefore the testimony was illegal.   It was also shown that the defendant had no license

for carrying on a business of any character.. The defendant was. adjudged guilty, and she sued out a certiorari to the superior court, assigning as error the refusal to dismiss the case and the admission of the evidence objected to, and further complaining that the conviction was contrary to law and the evidence, and that error was committed in rejecting certain evidence. On the hearing before the superior court, the defendant abandoned all points raised by her petition for certiorari, save two, viz.: (1) that the mayor and council had no jurisdiction of the offense charged; and (2) that the conviction was unwarranted, because. only one sale of beer was shown, and therefore there was insufficient evidence upon which to find that the defendant was carrying on a business which the mayor and council had declared to be the subject-matter of license. The petition for certiorari was. overruled, and the judgment of the mayor and council allowed to stand; and to the judgment of the superior court refusing to sustain the certiorari exception was taken. It appeared from the answer of the mayor and council that the following ordinances were of force in the City of Americus, to wit: Sec. 399 of the code of ordinances,—" No person or persons shall retail any wine, beer, cider, or other spirituous, malt, or fermented liquors in this. city, in quantities less than one quart, without license from the Mayor and City Council of Americus, to be issued by the clerk and treasurer, upon the applicant's paying the sum fixed by the annual license ordinance and otherwise complying with the provisions of this charter." License ordinance for the year 1904, de-. claring that " any person, firm, or corporation doing business, that is subject to a license or special tax shall, before engaging in the same, make application to the clerk of the city in writing for a license, and shall pay to said clerk the amount of said license or. special tax in advance, and also register their name and the place and kind of business for which said license is issued, in a book. kept by the clerk for that purpose." Ordinance imposing a li- cense fee of $100 per annum upon each person engaged in retail- ing beer, not in connection with a barroom.·

The insistence of the plaintiff in error is that the ordinance (398) with the violation of which she was charged deals with a. subject covered by a State statute, and that the ordinance is void because there is no express power conferred by the city charter

authorizing such legislation by the city.  That a municipality can not make an offense against a State law punishable by the city authorities without express authority from the legislature is well settled.  *Moran* v. *Atlanta,* 102 *Ga.* 840, and cit.  It is equally clear that a city, under the general welfare clause of its charter, may lawfully adopt an ordinance making penal the storing, or keeping, for unlawful purpose, of any article the sale of which, under such circumstances, is contrary to a State statute.  *Paulk* v. *Sycamore,* 104 *Ga.* 728; *Papworth* v. *Fitzgerald,* 106 *Ga.* 378; *Rooney* v. *Augusta,* 117 *Ga.* 709.    Section 398 of the code of ordinances of Americus not only prohibits the carrying on, without a license, of a business which is the subject-matter of a special license tax, but also declares penal the having or keeping for gain of any article or thing which the mayor and city council have declared to be the subject-matter of license, without first taking out the required license.    This latter part of the ordinance is designed specially to operate in a case where a person is in possession of an article the sale of which without license is prohibited, and intends to sell it without first taking out a license authorizing the sale.    The expression, "have or keep for gain," necessarily implies possession coupled with an unlawful design to dispose of the article for profit; for without a sale or barter there could be no "gain."    The other sections of the ordinances sent up in the answer of the mayor and council show that a license tax had been imposed upon the sale of beer.    The plaintiff in error did not pay that tax, but was in the possession of beer.    She sold that beer. Her conviction was not, however, for the sale of the beer, but for unlawfully having and keeping it for gain.    Evidence of the sale was competent to show that she did have and keep for gain an article which the mayor and council had declared to be the subject-matter of license; her unlawful purpose in having and keeping it was demonstrated by the fact that she sold it at her house, without license and contrary to law.    Proof of a single sale was sufficient to establish her unlawful purpose; but even were this otherwise, the record before us discloses that she sold to various persons and on more than one occasion.    The mayor and council of Americus were, under the general welfare clause of the charter of that city, authorized to prohibit by ordinance, as was done, the having and keeping for an unlawful purpose of wine, beer, or

other intoxicating beverages; the mayor and city council had jurisdiction to try one charged with a violation of this provision of section 398 of the code 'of ordinances; and for no reason insisted on by the defendant on the hearing of her petition for certiorari should the judge of the superior court have set aside her conviction.　　We accordingly hold that the judgment of the superior court, overruling the certiorari was right; and that judgment is　　　　　　　*Affirmed.　All the Justices concur.*