## DUREN v. STEPHENS.

While a municipality may forbid the keeping, within its corporate limits, of intoxicating liquors intended for illegal sale, it has no power to adopt an ordinance which not only prohibits the keeping for sale of liquors which can not be lawfully sold, but also undertakes to forbid the keep-ing of domestic wines for the purpose of sale, notwithstanding the general law which authorizes such wines to be sold under certain pre-scribed terms and regulations.

Submitted July 16,—Decided August 17, 1906.

Habeas corpus. Before Judge Hansell. City court of Thomasville. June 14, 1906.

*Theodore Titus,* for plaintiff. *W. H. Hammond,* for defendant.

Beck, J. The plaintiff in error, Tom Duren, was tried in the mayor's court of the City of Thomasville for an alleged violation of a municipal ordinance which declared that it should be "unlawful for any person, firm, or corporation to keep or have on hand, or in possession for sale, barter, or exchange, any spirituous, malt, or intoxicating liquors within the city." Upon conviction Duren was imprisoned and placed at labor upon the streets of the city, in accordance with the sentence passed upon him. He sued out a writ of habeas corpus against the city marshal, to whose custody he had been committed, alleging that the ordinance under which he was tried and convicted was unconstitutional and void, being in conflict with the provisions of par. 1, sec. 4 of art. 1 of the constitution, to the effect that no special law shall be enacted as to any matter for which provision has been made by an existing general law. Civil Code, § 5732. In his petition for the writ of habeas corpus, petitioner insisted that the ordinance was in conflict with the general law authorizing and regulating the sale of domestic wines (Pol. Code, §§ 757, 1521, 1549; Acts of 1904, p. 98), inasmuch as the ordinance undertook to prohibit the keeping of such wines for sale by any one within the limits of the city. Upon the hearing of the case the court passed an order refusing to discharge petitioner from the custody of the city marshal, and to this order exception is taken.

It was unquestionably within the charter power of the municipality to prohibit by ordinance the keeping of intoxicating liquors in the city for the purpose of *illegal* sale, barter, or exchange. *Reese* v. *Newman,* 120 *Ga.* 198; *Hood* v. *Griffin,* 113 *Ga.* 192, and cit. An ordinance which seeks only to prevent the keeping on hand of intoxicants intended to be sold in violation of law does not conflict with any general law authorizing the sale of domestic wines. *Osburn* v. *Marietta,* 118 *Ga.* 53. But, under the ordinance now under review, no exception is made, either expressly or by necessary implication, with regard to the keeping for sale of domestic wines by persons who may lawfully sell such wines within the city. This being so, it is obvious that the ordinance can not be legally enforced as written; and, in view of repeated rulings by this court in similar instances, it can not, by way of judicial construction, be converted

32

into a valid ordinance by restricting its application to the keeping on hand of such liquors only as can not be lawfully sold in the City of Thomasville.  *Papworth* v. *State,* 103 *Ga.* 37; *Edwards* v. *State,* 123 *Ga.* 544, and cases cited.  Counsel for the defendant in error asks leave to review the decision announced in the *Papworth* case. As it was concurred in by only five Justices, a formal review of it is not necessary in order to bring the correctness of it into question; but for the reasons stated in *Edwards'* case, in which that decision was followed, we are influenced to adhere to the opinion of the majority of the court as constituted at the time the point was first presented for adjudication, and accordingly hold that the court below should have ordered the petitioner to be discharged from further custody.

*Judgment reversed.  All the Justices concur, except Fish, C. J., absent.*