## 489. SAWYER *v.* CITY OF BLAKELY.

1. A city whose charter contains a "general-welfare clause" may legally pass an ordinance prohibiting the possession of intoxicating liquors kept for the purposes of illegal sale.

2. Under such an ordinance, proof of the possession of the liquor and an illegal sale thereof will authorize a conviction.

3. Certiorari lies to correct judgments which are irregular or erroneous, but not those which are wholly void.

4. The courts will not pass upon moot constitutional questions.

Certiorari, from Early superior court—Judge Worrill. April 12, 1907.

Submitted May 27,—Decided June 19, 1907.

The plaintiff in error was convicted before the mayor, presiding in the police court of the City of Blakely, for a violation of the following municipal ordinance: "If any person shall have in his possession in said city any intoxicating liquors for the purpose of unlawful sale or giving away thereof, on conviction thereof such person shall be punished as prescribed in section 17 of the city ordinances. In prosecutions for the violation of this ordinance, one half the fine shall be paid to the informer." By section 17 of the city ordinances all persons convicted thereunder are to be punished according to section 13 of the city charter (Acts 1900, p. 223), which prescribes that the officer presiding in the police court shall have the authority to punish persons convicted

therein of violating the city ordinances, by fine not exceeding $100, by imprisonment in the jail of Early county, or such other place as the city council may provide for a prison, for a term not exceeding 100 days, either or both, and to coerce the payment of fines by imprisonment. Labor in the chain-gang or on the streets, not exceeding 100 days, may be allowed as alternative to fine or imprisonment. Sentence may be cumulative. Upon the trial the accused moved a discharge on the ground that there was no sufficient charter authority for the passage of the ordinance under which he was being tried. The mayor denied the motion, and to this one of the exceptions is taken. The evidence was conflicting; but the mayor adjudged the defendant guilty and imposed a fine of $50, with the alternative of 50 days work on the streets of the city. The defendant sought certiorari, which was denied by the judge of the superior court.

Among the grounds for certiorari it is contended that the judgment and sentence of the police court is void, because sec. 13 of the city charter is in violation of article 1, § 1, par. 2 (the due process of law clause), of the State constitution, "because it provides for a penalty of 3 1-3 months' servitude in the chain-gang or on the streets of Blakely, without providing for the due process of law in the trial of offenders; the process allowed petitioner consisting of a warrant sworn out before the mayor, on which he was put upon trial, without a copy of the accusation charging him with a crime, and without a trial by jury, and with nothing more on the record than the name of the arresting officer, the names of the witnesses for the prosecution, the offense charged, and (after the trial) the judgment and sentence of the court." A paragraph of the petition for certiorari also asserts: "Your petitioner avers that he has been denied the equal protection of the laws, contrary to and in violation of the fourteenth amendment of the constitution of the United States (Civil Code, § 6030) which says that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' in that he was convicted of a crime whose punishment was more severe than the average punishment of misdemeanors in the State courts of our State, yet he was not furnished with an accusation of the crime, nor allowed a trial by a jury; and this deprivation of your petitioner's constitutional rights he assigns as error." It appears that the accused did not appeal

to the city council, but sought certiorari directly from the mayor's decision. Section 14 of the city charter provides: "Any person convicted in the police court may obtain certiorari directly from the decision of the officer presiding in said court under the same rules as certiorari is obtained from the decision of county judges in criminal cases, or he may waive his right to apply for certiorari, and may, within four days from the rendition of the decision in the police court, enter an appeal to the city council, who shall hear the case anew, and their decision shall be final. There shall be no certiorari from the decision of the council." In the petition for certiorari the applicant seeks to make the point that this provision of the charter is contrary to section 4634 of the Civil Code, which provides that certiorari can be had to correct errors in any inferior judicature, and is therefore unconstitutional, as being a special law in contravention of a general law.

*Park & Collins,* for plaintiff in error.   *J. R. Pottle,* contra.

POWELL, J. (After stating the facts.)   1.   The ordinance under which the accused was convicted is valid. The charter of the City of Blakely (section 25) contains a broad "general-welfare clause," and in addition thereto adopts by reference section 696 of the Political Code, which itself is broad enough in terms to authorize this ordinance. *Mayson* v. *Atlanta,* 77 *Ga.* 662, (3); *Bagwell* v. *Lawrenceville,* 94 *Ga.* 654, 21 S. E. 903 (2); *Paulk* v. *Sycamore,* 104 *Ga.* 728, 30 S. E. 417, 41 L. R. A. 772, 69 Am. St. Rep. 128; *Reese* v. *Newnan,* 120 *Ga.* 198, 47 S. E. 560 (1).

2.   The mayor's finding was supported by the evidence. *Rooney* v. *Augusta,* 117 *Ga.* 709, 45 S. E. 72 (2); *Reese* v. *Newnan,* 120 *Ga.* 198, 47 S. E. 560 (2).

3.   The point that the section of the charter under which the punishment was imposed is unconstitutional and void will not be considered, nor certified to the Supreme Court; for certiorari lies, not to correct that which is void, but only that which is irregular or erroneous. *Levadas* v. *Beach,* 117 *Ga.* 178, 43 S. E. 418 (2); *Bass* v. *Milledgeville,* 122 *Ga.* 177, 50 S. E. 59.

4.   The question as to the constitutionality of so much of the fourteenth section of the city charter as requires the accused to waive his right of certiorari in order to appeal to the city council, and makes the finding of that body final, is not properly be-

fore us; for the accused did not appeal to the city council, and no court has yet denied to him the right to certiorari from any decision of that body. The time to decide that question will not be at hand until the right to certiorari from the decision of the city council is judicially denied and that judgment is brought under review. Courts will not gratuitously decide moot constitutional questions.          *Judgment affirmed.*