### 6291. MOORE v. CITY OF THOMASVILLE.

BROYLES, J. 1. Where a penal ordinance of a city has been in effect for several years, and where one who is being tried for a violation thereof asserts its invalidity because of the fact that the minutes of the city council showing its passage were not approved in writing by the mayor, but were only attested by the clerk of that body, and where there is no requirement in the charter or in the ordinances of the city that the mayor shall so approve the minutes, *held* that such omission on his part does not invalidate the ordinance. 2 Dillon on Municipal

Corporations, § 607 (p. 949), and cases there cited. It has been held that even where there *are charter and statutory* provisions that the minutes of the council *must be signed by the mayor and clerk,* their *failure* so to do will *not* render the ordinance *invalid.* "Statutory and charter provisions that ordinance shall be *recorded, signed* by the presiding officer, and *attested* by the clerk are directory only in their nature, and a failure to observe them will not invalidate an ordinance or prevent its taking immediate effect." 2 Dill. Mun. Corp. § 607; Landes *v.* State, 160 Ind. 479 (67 N. E. 189); Allen *v.* Davenport, 107 Iowa, 90 (77 N. W. 532); Whalin *v.* McComb, 76 Ill. 49. Within this principle, it has been held that a statutory requirement that the mayor or other presiding officer shall *sign the ordinance or the record thereof* is directory only, and that his omission to sign does not affect the validity of the ordinance. 2. Dill. Mun. Corp. § 607; Commonwealth *v.* Williams, 120 Ky. 315 (86 S. W. 553); Stevenson *v.* Bay City, 26 Mich. 44; Blanchard *v.* Bissell, 11 Ohio St. 96; Aurora Water Co. *v.* Aurora, 129 Mo. 540 (31 S. W. 946).

2. It will be presumed that a municipal ordinance is valid, and the burden of establishing as invalidity is on the person asserting it. Penal Code, § 1020; 8 Enc. Ev. 808; 2 Dill. Mun. Corp. § 649, p. 989; Harmon *v.* City of Chicago, 140 Ill. 374 (11) (29 N. E. 732); People *v.* Chicago R. Co., 189 Ill. 397 (59 N. E. 946); Chicago R. Co. *v.* Carlinville, 103 Ill. App. 251. "In considering the question of validity of ordinances, courts are inclined to sustain rather than to overthrow them." 2 Dill. Mun. Corp. § 646, p. 985. In this case the presumption that the ordinance in question was regularly and legally passed was not overcome by the evidence introduced. It is true that the proof raised a doubt upon this point, but it was not sufficient to affirmatively show the contrary. This question then became an issue of fact for determination by the mayor (exercising the functions of both judge and jury), and was conclusively settled by his judgment, in favor of the validity of the ordinance.

(*a*) It was purely a question of fact, and therefore for the mayor to determine, whether the ordinance mentioned in the minutes of council of December 23, 1907, as having been read the third time and passed, was the same ordinance referred to in the minutes of council of December 16, 1907, as having been introduced and read the second time,— which ordinance prohibited the keeping of intoxicating liquors for the purpose of illegal sale; and there was evidence to sustain the mayor's finding that the minutes of both of these meetings of council referred to the same ordinance. At all events, the burden was upon the accused to prove that the ordinance shown by the minutes of December 23 to have been passed was *not the same one* shown by the minutes of December 16 to have been introduced and read the second time.

3. While a penal statute should be strictly construed, the construction should be a reasonable one; and where two or more constructions could be given, that one should be adopted which will strengthen the law and make it effective, rather than one which will "draw its teeth" and render it unable to "bite." The penalty section of the ordinance in

question provides that "any person . . . violating this section shall be punished as prescribed in section 1 of the general penal ordinance;" and that section of the general penal ordinance prescribes punishment for other offenses, and does not refer to violations of the ordinance involved in this case. The only reasonable construction of this penalty section is that it means that violations of the ordinance shall be punished as violations of section 1 of the general penal ordinance are punished.

4. This court in this case decided to pass upon the merits of the question raised as to the invalidity of the ordinance under which the accused was convicted, but need not have considered the point at all, for if the ordinance is invalid as contended by plaintiff in error, it follows that the judgment of conviction is absolutely void, and "certiorari lies, not to correct that which is void, but only that which is irregular or erroneous." *Sawyer* v. *Blakely,* 2 *Ga. App.* 159 (3), 161 (58 S. E. 399).

5. The assignments of error other than those dealt with above are without merit. The evidence authorized the judgment of the mayor, and the judge of the superior court did not err in refusing to sanction the certiorari.　　　　*Judgment affirmed. Russell, C. J., dissents.*
DECIDED OCTOBER 21, 1915.

Certiorari; from Thomas superior court—Judge Thomas. December 23, 1914.

*C. E. Hay,* for plaintiff in error. *Louis L. Moore,* contra.

RUSSELL, C. J., dissenting. While every presumption is to be indulged in favor of the validity of an ordinance shown to have been legally passed by a municipal corporation in pursuance of its charter powers, and every reasonable intendment will be made by the courts in order to give validity to an ordinance which is within the scope of such municipal powers, still the existence of a municipal penal ordinance, as of other criminal laws, is not a matter of haphazard or conjecture, and the burden of showing that a municipal ordinance has not been passed is successfully carried whenever the passage of such a law can be seriously questioned. In the absence of legislation upon the subject, the authenticity of a municipal ordinance can not be said to be established by the purported signature of a clerk to minutes of an alleged meeting of a town council not verified by the signature either of the mayor or of any member of the council. A certification under seal by a clerk to minutes duly approved and authenticated by the signature of the presiding officer of the council is another and different thing from a verification by.the clerk alone of the fact that a meeting was held and that certain proceedings took place at the meeting. "The courts do not uphold mere makeshifts of the council with a

view to remedy defects in the prescribed mode of enacting an ordinance." 28 Cyc. 354 (6), and authorities cited.