ELLIS *et al. v.* STOKES *et al.*

No. 17207.   October 11, 1950.   Rehearing denied November 15, 1950.

*Clarke & Anderson,* for plaintiffs.

*W. S. Northcutt, E. A. Wright, Durwood T. Pye, James W. Dorsey, James A. Branch,* and *Thomas B. Branch Jr.,* for defendants.

ALMAND, Justice. Section 9 of the act creating the Fulton Planning Commission (Ga. L. 1939, p. 584) provides that, after

the adoption of a comprehensive plan or zoning resolution by the Commissioners of Roads and Revenues of Fulton County, the same may be modified and changed in the following manner: The Planning Commission may submit to the county authorities any recommendation as to a change, upon receipt of which the commissioners "shall set a time (day and hour) for the hearing of said proposed change and give notice to the public thereof by publishing notices in the newspaper in said county in which the sheriff's advertisements are published once a week for at least three weeks. On the day and hour appointed the Commissioners of Roads and Revenues of Fulton County shall proceed to hear and determine the recommendation of said Planning Commission in this regard and dispose of the same. They have the right to continue the hearing from day to day or to any named day as in their discretion they may deem it advisable."

The plaintiffs contend that the amendment of July 2, 1947, to the comprehensive zoning resolution, under which the tract of property in question was rezoned from residential property to limited apartment use, was null and void because the notice given of the hearing before the County Commissioners did not specify the day and hour of the hearing, as required by the statute, nor did 30 days elapse between the date of the notice and the date of the hearing, as was required by the zoning ordinance of the County Commissioners.

■ The act approved December 3, 1880 (Ga. L. 1880-81, p. 508), creating the Commissioners of Roads and Revenues of Fulton County, fixed the regular time for the meeting of said commissioners as the first Monday in every month; but, by an amendment to this statute approved September 29, 1881 (Ga. L. 1880-81, p. 546), the time for the regular meeting of the commissioners was changed to the first Wednesday in each month. We know judicially that July 2, 1947, was on the first Wednesday in July, so the notice given by the commissioners complied with the statute as to the day of the hearing. Did the failure of the notice to name the hour numerically nullify the action taken by the commissioners? Under the evidence in this regard, we are of the opinion that it did not. Webster's New International Dictionary (2d ed.) defines the word "hour" as meaning: "fixed time; a particular time or occasion; . . also, a time

made habitual by custom, as . . hours of business." The same dictionary defines "regular" as meaning: "Steady or uniform in course, practice, or occurrence; not subject to unexplained or irrational variation." The "regular meeting" of a public board is one convened at a stated time and place pursuant to a general order, statute, or resolution. Stoddard *v.* District School Board for School District No. 91, 140 Ore. 203 (12 Pac. 2d, 309). See also *McBrayer* v. *Columbia Casualty Co.*, 44 *Ga. App.* 59 (160 S. E. 556); *Maryland Casualty Co.* v. *Morris*, 68 *Ga. App.* 239 (22 S. E. 2d, 627); Guillara *v.* Liquor Control Commission 121 Conn. 441 (185 Atl. 398). The notice given states that the purpose of the hearing is to pass on the question of rezoning the property described in the notice, at the regular meeting of the commissioners "at the Fulton County Courthouse on Wednesday, July 2, 1947." The evidence shows that the action was taken on that day. The statute requires the giving of a public notice, whereby any person interested directly or indirectly can appear and be heard. This statute provides for the giving of constructive, not actual, notice. The plaintiffs do not allege or prove that they did not know of the meeting, nor whether they were or were not present at the meeting, nor what they would have done if they had been present. No facts are alleged that the notice given misled them in any manner, nor that they suffered any injury by reason of the notice failing to name the exact hour of the day that the regular meeting would be held on July 2. There is no proof that the plaintiffs did not know the hour of the regular meeting, or that they made any effort to ascertain the hour of the regular meeting. There is no contention that the commissioners met at any other hour on July 2 than at the time of their regular monthly meeting. As the statute only requires constructive notice, we assume that they had knowledge of the day of the meeting; and, having notice of the day, notice that the meeting would be held at the time of the regular meeting of the commissioners on that day, in the absence of a showing that the meeting occurred at some time other than at the time of their regular meeting, was a sufficient compliance with the statute requiring a designation of the hour of meeting in the notice given the public. Even if it be conceded that the notice given did not comply with the literal

and technical terms of the statute, in the absence of a showing that the failure resulted in harm or injury to the plaintiffs, this is not sufficient, under the facts of this case, to overcome the presumption that the action of the commissioners was valid. Code, § 38-103; 2 Dill. Mun. Corp, (5 ed.) § 649, p. 989; *Moore* v. *City of Thomasville,* 17 *Ga. App.* 285 (2) (86 S. E. 641); Moore *v.* City of Pratt, 148 Kan. 53 (79 Pac. 2d, 871).

█ Under the provisions of section 9 of the act of 1939 referred to above, publication of notice of the hearing before the County Commissioners was required once a week for 3 weeks. In the ordinance adopted by the commissioners, it is provided that the Planning Commission shall give notice of a hearing on its recommendation to amend the zoning resolution "at or before the next regular meeting of the County Commissioners after the lapse of 30 days from the date of the notice." The notice provided for by the statute and resolution is as to the fact that the commissioners would act on a proposal to amend the zoning ordinance on the day and time fixed in the notice. There is no contention that the commissioners did not act on the proposal to amend the zoning ordinance on the day and at the time fixed in the notice. There is no contention that the period of time between the date of the notice and the date of the hearing did not comply with the statute. The commissioners could set any time, so long as the interval between the date of the notice and the date of the hearing was at least 3 weeks. When the commissioners fixed a period of 30 days after the date of the notice, they did so as a rule of their own procedure, which was subject to change at any time by them, as long as the interval of time between the notice and the hearing was not less than 3 weeks. This court has said: "The ordinance of January 17, 1929, whereby the franchise was granted to the South Georgia Power Company is not void because it was passed at a special meeting of council and not read twice in accordance with the provisions of an ordinance of the City of Nashville adopted in 1919. Rules of procedure passed by one legislative body are not binding upon a subsequent legislative body operating within the same jurisdiction. Courts ordinarily will not invalidate an ordinance enacted in disregard of parliamentary usage, provided the enactment is made in the manner provided by statute. A munici-

pal legislative body can not divest its successor of its legislative powers by passing ordinances or resolutions which deprive their successor of the power to exercise fully their legislative discretion. Charter provisions are structural, and must be strictly complied with. 'Rules of parliamentary practice are merely procedural, and not substantive.'" *South Ga. Power Co. v. Baumann,* 169 *Ga.* 649 (2) (151 S. E. 513). Conceding, but not deciding, that the plaintiffs are correct in their contention that only 29 days elapsed between the date of the notice by the commissioners and the date of the hearing, in the absence of a showing that the plaintiffs were misled to their hurt and injury, we can not say that the action of the commissioners was a nullity. See *O'Neal* v. *Spencer,* 203 *Ga.* 588 (47 S. E. 2d, 646).

The trial judge did not err in refusing to grant the prayer for a temporary injunction.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., Atkinson, P.J., and Hawkins, J., who dissent from division 1 of the opinion and from the judgment.*

DUCKWORTH, Chief Justice, dissenting. The law requires notice giving the day and the hour when the hearing will be had. This notice and no other will satisfy the plain requirement of the law. Since notice as required by law is essential to give the commissioners jurisdiction, any action taken by the commissioners adversely affecting the property of the petitioners was void for want of jurisdiction and was a denial of due process in violation of both the State and Federal Constitutions. For the foregoing reasons I dissent from division 1 and the corresponding headnote and from the judgment of affirmance. I am authorized by Presiding Justice Atkinson and Associate Justice Hawkins to say that they concur in this dissent.