MAYSON *vs.* THE CITY OF ATLANTA.

1. The commissioners of roads and revenues of Fulton county were vested with a discretion as to granting or refusing a license to sell liquors by the quart, but a license issued by the clerk of the board of such commissioners, without any order from them directing it, was void.

*Acts 1880-1, p. 508.

2. It was admissible to prove, by the parol testimony of the clerk of the board of commissioners, who was the keeper of their records, that the minutes of the board did not disclose any order by that body directing the license in question to issue to the defendant, and that the clerk issued it by virtue of what he considered verbal authority from the commissioners to do so.

3. Where an act of the legislature prescribed that, if a majority of the votes cast at an election held under the "general local option act" should be "against the sale," it should not be lawful for any person, within the limits of the county where an election was held, to sell or barter for a valuable consideration, either directly or indirectly, or to give away to induce trade at any place of business, or to furnish at other public places, any alcoholic, spirituous, malt or intoxicating liquors, or intoxicating bitters, or other drinks which, if drunk to excess, would produce intoxication, and provided a penalty for its violation, an ordinance passed by the municipal authorities of a city within such a county, prohibiting the keeping of such liquors for the purpose of illegal sale, did not seek to deal with and punish a party for the same offence as that prescribed by the State law, and was not invalid on that ground.

4. Although the city of Atlanta had authority over retail licenses, it had none over licenses to sell by the quart, and seems never to have taken jurisdiction of the subject. A registration and payment of tax as a grocer did not include the right to sell liquor.

(a.) Registering and paying the special tax required of liquor dealers did not authorize sales by the quart, without the addition of a license from the county commissioners for that purpose.

5. Municipal ordinances are not such general laws as the courts are compelled to notice judicially. Were it otherwise, the ordinances prescribing the mode of directing summonses to appear before the recorder's court are purely directory; and where a party had notice for a requisite time to appear and make his answer, and did so appear and enter fully into his defence to the charge preferred against him, the form of the notice and the officer by whom it was served were immaterial circumstances.

October 26, 1886.

Liquor. License. Powers. Criminal Law. Municipal Corporations. Before Judge RICHARD H. CLARK. Fulton County. At Chambers, July 27, 1886.

Reported in the decision.

W. P. HILL; JAS. MAYSON, for plaintiff in error.

J. B. Goodwin; J. T. Pendleton, for defendant.

Hall, Justice.

The plaintiff in error, Mayson, complains that the judge of the superior court refused to sanction his petition for the writ of *certiorari* to review and reverse the judgment of the recorder of the city of Atlanta, who had found him guilty of violating the city ordinance, which prohibits " the keeping for unlawful sale spirituous or malt liquors," and had fined him $500 therefor.

1. He alleges that he had a license from the county commissioners of roads and revenues to sell liquor by the quart. The license, however, appears to have been issued by the clerk of the commissioners, in whom, the commissioners themselves, was vested discretion to grant or withhold it, without any order from them directing it to issue to this applicant. We held, in *Thorn's* case, decided at this term, that such a license was void, and we adhere to that decision, seeing no reason to modify or change it.

2. The applicant for the *certiorari* objected to the admission of the evidence of the clerk of the commissioners, who was and is the keeper of their records, to prove by parol that the minutes of the commissioners did not disclose any order by this body directing the license in question to issue to him, and that the clerk issued it by virtue of what he called verbal authority from the commissioners to him to issue the same. The grounds of objection were, 1st, because there could be no alteration of a written instrument by verbal testimony; 2d, because the evidence received was secondary, the books and minutes of the commissioners being higher and better evidence.

We do not hold either objection tenable.

In *Elkins'* case, 13 *Ga.* 435, 439, these precise points came before the court upon substantially the same objections to the testimony of the clerk of the inferior court,

who was offered to prove that the defendant had no license to retail spirituous liquors in quantities less than a quart. Nisbet, J., who pronounced the judgment, said, we do not consider the objection to the testimony of the clerk of the inferior court sustainable. He was called by the State to prove that no license to retail had been granted to the plaintiff in error, and the objection is, that the highest evidence of the fact is the record of the license granted. If the law required such a record to be kept, there would be more force in the objection, for then the presumption would be, no record of license to the plaintiff in error appearing where the law required it to be made, that none was issued. Even then, the testimony of the officer, whose duty it is to keep record, that none had been issued, would be as high as the record itself. In this case, the record was required, not to prove what was in it, but what is not in it, and thereby to show that the plaintiffs in error retailed without a license. The exhibition of light by the presentation of darkness. *Lux a non lucendo.*" That the action of commissioners ought to appear from their minutes is conceded, and that where, as in the present case, they are required to keep such minutes, the minutes themselves, or duly certified copies thereof, may be admitted in evidence to show their action, is not questioned; but this is not the only source to which a resort can be had to show that they took no action as to a particular matter. A negative may as well be proved by their clerk, whose duty it is to write up their minutes, and who has charge of them, as by the minutes themselves. His evidence in this respect is equally as high, as was well remarked in the case cited, as the record itself. The admission of one species of evidence does not necessarily exclude the other; the one is cumulative, not exclusive, of the other.

3. A variety of objections were insisted on, in argument before this court, to the validity of the city ordinance under which the plaintiff in error was tried, but it will be sufficient to notice at length only one of them, and that is

the allegation that it seeks to deal with and punish a party for an offence for which he is liable to be dealt with and punished by the laws of the State. It will appear, we think, that it interferes with no regulation prescribed by any general law. The sixth section of the general local option liquor law, approved 30th September, 1885, (acts, p..123), provides that if a majority of the votes cast at any election held under the act shall be " against the sale," it shall not be lawful for any person within the limits of such county, to sell or barter for a valuable consideration, either directly or indirectly, or to give away to induce trade at any place of business, or to furnish at other public places, any alcoholic, spirituous, malt or intoxicating liquors, or intoxicating bitters, or other drinks which, if drunk to excess, will produce intoxication, under penalties thereinafter prescribed, viz. such as are prescribed in §4310 of the code of 1882 (§10, acts 1884–1885, p. 124). It is only the selling or bartering for valuable consideration, or the giving away to induce trade at any particular place of business, or the furnishing at public places, of any of the liquors named, that is made an offence by this enactment. It does not inhibit, under a penalty, as does the ordinance in question, the keeping of such liquors for the purpose of illegal sale. The ordinance does not, therefore, invade any of the ground covered by the act, and for that reason is valid as a police regulation within the powers of the city government, as was held in *Rothschild's* case, 69 *Ga.* 503; *Hill vs. Dalton*, 72 *Ga.* 314; *Braddy vs. Milledgeville*, 74 *Ga.* 516.

4. The plaintiff introduced a certificate, showing that he had registered as a liquor dealer for the year 1886, and also a receipt from the proper officer for the special tax required of registered liquor dealers, together with a receipt from the clerk of the city council, showing that he had paid the city his registration tax as a grocer from July 1st, 1886, to July 1st, 1887. Neither of these papers has any bearing upon the issue tried and determined by the

recorder. Certainly the last has not, as the sale of liquor is not included in a grocer's business. While the city has authority over retailing licenses, it has none whatever over licenses to sell by the quart, and has never, as we understand, taken jurisdiction of the subject; they could not have intended to confer authority upon this licensed grocer, by this receipt, to vend liquors, for when the city tax was paid, the general prohibition liquor law was in full force in Fulton county, and any supposed authority to deal in liquors would have been in open violation of the plain provisions of that act, and would have been invalid.

The liquor registration and the payment of the special tax upon such registration did not authorize sales by the quart, for the law, in addition to this, required a license from the county commissioners for that purpose.

5. It was insisted that the plaintiff in error was not brought properly before the city recorder, because his summons to appear was not directed in accordance with the city ordinance, nor was it served by the officer designated by the ordinance to make the service. How this is we do not know, as the record does not disclose the ordinances referred to, and they are not such general laws as the courts are compelled to notice judicially. But even conceding that these ordinances are as represented, then they relate merely to matters of practice and are purely directory. The plaintiff in error had notice, for the requisite length of time, to appear and make his answer, and he did appear and enter fully into his defence to the charge preferred against him. The notice was to him the important fact to be ascertained ; the form thereof and the officer by whom it was served were immaterial circumstances. He could not be condemned without warning to appear and without full opportunity being afforded him to make his defence. He had both of these important rights, and availed himself of them to the fullest extent.

We have thus carefully considered the question made

by this record, and our deliberations lead to the conclusion that there was no error in refusing to order the writ of *certiorari* applied for in the case.

Judgment affirmed.