McDONALD *vs.* LANE.

| 80 | 497|
|----|----|
|125 | 697|

The charter of the city of Brunswick authorizes the municipal authorities to compel the citizens to work on the streets, but does not, in itself, make a refusal to do so a penal offence, and no ordinance making such a refusal penal has been shown. Therefore where a citizen was arrested by a policeman on the ground that he had failed to pay his street-tax, and after being detained in custody for a time was discharged upon the production of his tax receipt, the policeman who made the arrest was liable in damages therefor.

(*a*) Courts will not take judicial cognizance of ordinances or laws of a municipal corporation. If relied on, they must be pleaded and proved as other facts.

March 28, 1888.

Criminal law. Municipal corporations. Streets and sidewalks. Brunswick. Tax. Damages. Judicial cognizance. Before Judge ATKINSON. Glynn superior court. May term, 1887.

Reported in the decision.

CROVATT & WHITFIELD, for plaintiff in error.

FRANK H. HARRIS, *contra*.

SIMMONS, Justice.

Fred Lane brought suit against Allen McDonald for damages. He alleged that in August, 1885, he paid his

v 80-32

street-tax for that year to the mayor and council of the city of Brunswick, and took their receipt therefor; and that on the 26th of January, 1886, McDonald, a police-man of that city, arrested him on the public streets of the city, on the charge of having failed to pay his street-tax, although he protested to the officer that he had paid said tax; and that the officer carried him to the guard-house of the city and locked him up, and he was detained there all night, and until he was brought before the police court on the following morning, when, a friend having brought him his receipt for the tax, he presented the receipt and was discharged. He claimed damages in the sum of $1,000. On the trial of the case, the jury returned a verdict in his favor. The defendant made a motion for a new trial, upon the several grounds contained therein, which the court overruled; whereupon he excepted.

The only question made in this record is, whether the policeman was liable to the plaintiff below for damages for having arrested him for the non-payment of street-tax. That, in our opinion, depends upon whether there was any law or ordinance authorizing the city authorities to issue warrants for the arrest of the citizen for the non-payment of street-tax. We know of no such law. We find no such authority granted in the charter of the city of Brunswick. In the 13th section of the act approved August 27th, 1872, "to consolidate and amend the several acts incorporating the city of Brunswick," (acts 1872, 154,) the power is given to the mayor and council "to compel all persons within the corporate limits of said city who are subject to road duty under the laws of this State, to work on the public streets of said city for fifteen days, and no more, during each year; provided, that any person subject to work on the streets as aforesaid, may commute the service so required by the payment . . of five dollars, or *pro rata* for any number of days less than fifteen." The only power given in this section is to compel the citizens of the city to work on the streets. The section it-

self does not make it penal to refuse to work on the streets or pay the commutation. The city authorities may, under this section, pass an ordinance making it penal to refuse to work on the streets or pay the commutation tax; but if they have passed such an ordinance, we have not been advised thereof. The record does not disclose that there was any ordinance of the city giving the power or authority to any officer of the city to issue a warrant for the non-payment of taxes, or to any policeman of the city to make an arrest under such a warrant. If such an ordinance existed, it was the duty of the defendant below to have pleaded it and put it in evidence, so as to inform the court and jury of his power and authority. No such authority having been shown, the jury had a right to find, as they did, that the arrest was not made in good faith, but was arbitrary and illegal on the part of McDonald, the policeman. The courts will not take judicial cognizance of ordinances or laws of a municipal corporation. If relied on they must be pleaded and proved, as are other facts.

For these reasons, we think the court did not err in re fusing to grant a new trial in this case.

Judgment affirmed.