## 9803. WARD v. JOHNSON.

STEPHENS, J. 1. "The husband is bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits of life, made for the

use of herself and the family. This presumption may be rebutted by proof." Civil Code, § 2996. "The husband is bound for necessaries furnished to the wife when separated from him, subject to the limitations hereinbefore provided. If the wife be living in adultery with another man, the husband is not liable; but notice by the husband shall not relieve him from liability, if his wife is separated from him by reason of his own misconduct; if she voluntarily abandons him without sufficient provocation, notice by the husband shall relieve him of all liability for necessaries furnished to her." Civil Code, § 2997.

2. Upon the trial of a suit against a husband for medical services rendered by plaintiff to defendant's wife, evidence that before the date of the rendition of the services by plaintiff, defendant left the state as a fugitive from justice, carried his wife with him, and that she later returned to the former community and lived upon land belonging to the husband, the husband still remaining away, does not necessarily *demand* the inference that the parties were living in a state of separation as husband and wife under such circumstances that the husband would not be liable for necessaries such as medical services furnished by plaintiff to the wife.

3. The assignment of error complaining of the court's refusal to allow plaintiff, while on the witness stand, to testify along certain lines set out in the assignment, is too indefinite and defective to raise any question for the consideration of this court, it not being shown therein that any pertinent question was asked and that the answer was ruled out, or that the court was informed at the time what the answer would be, or that the testimony would have benefitted the plaintiff in error. *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712); *McKee* v. *Hurst*, 21 *Ga. App.* 571 (94 S. E. 886), and cases there cited.

4. Whether credit was extended to the husband or to the wife, and whether the parties were living in a state of separation as husband and wife under such circumstances as would make him liable for necessaries furnished her, were questions for the jury.

5. The court erred in granting a nonsuit.

*Judgment reversed.*   *Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 26, 1919.

Complaint; from city court of Quitman—Judge W. H. Long. April 8, 1918.

*Bennett & Harrell*, for plaintiff.   *Branch & Snow*, for defendant.