19418.  CAMPBELL *v.* DYSARD CONSTRUCTION COMPANY.

JENKINS, P. J.  This was a suit for personal injuries alleged to have been sustained by the plaintiff when an automobile which she was driving was struck by a motor-truck operated by an employee of the defendant.  The jury found for the defendant, and the plaintiff excepted to the overruling of her motion for new trial, which was based upon the usual general grounds and various special grounds.  *Held:*

1. The court did not err in admitting in evidence, over the objection of the plaintiff's counsel, a statement in writing describing the accident out of which the action arose, which the plaintiff admitted signing. This is true although the plaintiff, after its admission, testified that the writing as presented to her in court contained a statement to the effect that she "was not hurt," which was not in the writing at the time she signed it.  No motion to exclude the writing having been made subsequently to such impeaching testimony, no question is raised as to whether the alleged material alteration rendered the writing void for all purposes, and under the circumstances of its admission its probative value was a question for the jury.  Nor was the statement made by the court at the time the writing was offered and admitted, prior to any testimony of its alleged alteration, to the effect that "my recollection is the witness said she signed the paper, and in view of her admission on the stand that that was her signature to the paper I will admit the paper in evidence," subject to the objection that such statement by the court was contrary to law, as admitting in evidence, without qualification, a paper which the undisputed testimony showed was a forgery.

2. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was

asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Bowden* v. *Bowden*, 125 *Ga.* 107 (53 S. E. 606); *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712). Under this rule, the first four grounds of the motion for a new trial, which complain of the rejection of testimony on direct examination, are subject to the criticism urged, and can not authorize setting the verdict and judgment aside. Moreover, the testimony sought to be elicited from two of the witnesses with reference to statements made by the driver of the truck, and by the defendant's foreman, at some undisclosed time after the accident, could not amount to more than mere hearsay.

3. There was no error in the charge of the court to the effect that "If a person should fail to exercise ordinary care for the prevention of injury to others, such failure would be negligence, but it is a question of fact for the jury to determine, in all the circumstances involved in the case, what would be reasonable or ordinary under the particular circumstances under investigation." There is nothing in the excerpt from the charge quoted which would indicate that the court intended for the jury to consider circumstances other than such as were shown by the evidence, and there is nothing in the record to indicate that any circumstances were before the jury except such as had been legally and properly shown.

4. The exception taken to the failure of the court to charge upon the subject of impeachment of witnesses furnishes no ground for the grant of a new trial, since it does not appear that any request for such charge was presented. *Hunter* v. *State*, 136 *Ga.* 103 (4) (70 S. E. 642). Nor was it error for the court, in the absence of any such request, to omit to charge upon the preponderance of evidence, the rules governing the jury in determining the credibility of witnesses, or with respect to the duty of the jury to reconcile conflicting evidence. *Childs* v. *Ponder*, 117 *Ga.* 553 (4) (43 S. E. 986); *Askew* v. *Amos*, 147 *Ga.* 613 (5) (95 S. E. 5); *Green* v. *State*, 118 *Ga.* 755 (45 S. E. 598).

5. The assignments of error based upon alleged errors of the court in not charging the jury on his own motion "that they should determine the issue solely from the evidence in the case and not from any outside fact or circumstances," and "in not charging the jury that the law required the defendant to exercise ordinary care in so far as the particulars charged against him were concerned and that if he failed to exercise such degree of care in so far as those particulars were concerned or any of them, that would constitute negligence," are apparently incomplete, in that no reason is pointed out why such omissions from the charge were erroneous or harmful to the plaintiff.

6. The evidence authorized the verdict, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided September 7, 1929.

330

■■■■■■ ■■■

*G. Seals Aiken, E. E. Carter,* for plaintiff.
*Underwood, Haas & Gambrell,* for defendant.