30143. LOFTIN v. CARROLL COUNTY BOARD OF EDUCATION.

**316**

DECIDED NOVEMBER 16, 1943.   REHEARING DENIED DECEMBER 14, 1943.

*Leon Hood,* for plaintiff in error.

*Willis Smith, Robert D. Tisinger,* contra.

STEPHENS, P. J.   This is a proceeding brought in the superior court of Carroll County by Carroll County Board of Education against J. A. Loftin for the purpose of establishing a copy of a lost deed, alleged to have been executed about 1924 by J. A. Loftin to Carroll County Board of Education.   Code, §§ 29-113, 63-203.   It was alleged in the petition that the deed was a fee-simple warranty deed made by the defendant to the plaintiff, which, as appeared from the copy attached to the petition, conveyed to the plaintiff in fee simple, without any restrictions or reservations whatsoever, certain described lands, consisting of two acres situated in the County of Carroll.   In his answer the defendant admitted that he executed to the plaintiff a deed to the described lands, as alleged by the plaintiff, but pleaded that the deed which he executed contained a reservation that the land was to be used for school purposes only; and that when it should cease to be so used, the title would revert to the grantor, his heirs and assigns; and that by reason of this reservation having been left out of the deed attached to the plaintiff's petition, the deed which the plaintiff was seeking to have established as a copy of the lost deed was not a true and correct copy.

■   The sole issue presented by the pleadings was whether the deed which Loftin executed to the plaintiff did or did not contain the reservation referred to, viz., that the land should be used for school purposes only, and that when it ceased to be so used the title

would revert to the grantor, his heirs and assigns. Evidence that the defendant, at the time of the execution of the deed, had no title to the land covered by the deed was immaterial and foreign to the sole issue as to the contents of the deed. It was therefore error for the court to admit in evidence a statement made by an auctioneer at a sale of lands which were bought by the defendant, that two acres of the land were being reserved for school purposes; that the two acres belonged to the school; that the person who should buy the property would not buy the two acres; and that these two acres were donated to the school. Such evidence was calculated to influence the jury in finding for the plaintiff, as it did, that the plaintiff had a fee-simple title to the land, and that the reservation for school purposes which the defendant contended was in the deed which he executed, could have availed him nothing.

■ Quitclaim deeds made to the plaintiff by persons other than the defendant, conveying lands other than those described in the deed from the defendant to the plaintiff, which were made about sixteen years after the execution of the deed by the defendant, and executed in lieu of lost deeds which the grantors had executed to the plaintiff about the time of the execution of the deed by the defendant, and which contained no reservation in the grantors, were not admissible in evidence as a circumstance tending to show that the deed which the defendant had executed to the plaintiff contained no reservation in the grantor. Neither the contents nor the execution of these quitclaim deeds, which contained no reservation in the grantors, could in any manner have tended to show that the lost deed which the defendant executed to the plaintiff contained no reservation to the grantor. These deeds constitute no more than mere hearsay declarations by the grantors that the original deeds which they executed contained no reservations. Such evidence has no probative value.

■ In the absence of a special request, the failure of the court to charge the rules governing the determination by the jury of the preponderance of the evidence, as laid down in the Code, § 38-107, was not error. *Caison* v. *State*, 171 *Ga.* 1, 9 (5) (154 S. E. 337); *Campbell* v. *Dysard Construction Co.*, 40 *Ga. App.* 328 (4) (149 S. E. 713).

■ As a new trial is granted, it is not necessary to determine

whether the alleged newly discovered evidence was sufficient to demand the grant of a new trial.

The court erred in overruling the motion for new trial

*Judgment reversed. Sutton and Felton, JJ, concur.*