24139. LEGER et al. v. KEN EDWARDS
ENTERPRISES, INC. et al.

ARGUED JUNE 14, 1967—DECIDED JULY 6, 1967—
REHEARING DENIED JULY 27, 1967.

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellants.

*Davis & Stringer, Thomas O. Davis, Herbert O. Edwards, George P. Dillard,* for appellees.

MOBLEY, Justice. The appellants, Lawrence L. Leger and R. R. Leger, brought their petition against Ken Edwards Enterprises, Inc., alleging that they owned property adjoining that of Edwards, which was separated by Peachtree Creek. They sought to temporarily and permanently enjoin the defendants from encroaching on their property, building in the creek bed (the dividing line between their properties), depositing mud, silt, and debris in the creek and on the petitioners' property, diverting water, and violating zoning ordinances of DeKalb County in erecting an apartment building on their property, and prayed for damages. Marvin L. Beadle, Director of the Planning Department of DeKalb County, was named as a party

defendant, and the petition prayed that he be enjoined from issuing or approving any further building permit for construction on the property, and "from not declaring null and void all the building permit or permits and certificates of compliance previously issued to the defendants and any authorization . . . to proceed with further construction until defendant, Ken Edwards Enterprises, Inc., has strictly complied with all the zoning ordinances and building requirement for said project"; and that Beadle be enjoined from "not notifying all public utilities and county service departments, and requesting that all service be withheld therefrom until such time as the structure and premises are no longer in violation of the DeKalb County Code and Zoning Ordinance."

By amendments the petitioners sought to make "the Commission of Roads and Revenues for DeKalb County as the governing authority of said county" a party, served the five members of the commission, and sought to enjoin the commission from failing to enforce the zoning ordinances, from permitting further construction and occupancy of the apartment house, and from approving the structure until zoning ordinances have been complied with, as well as denying them public utilities and other services.

After hearing evidence at an interlocutory hearing, the trial judge denied the grant of a temporary injunction, and it is from this judgment that this appeal was made. The appellants enumerate as error the denial of a temporary injunction upon a number of grounds.

■ The motion of the appellee to dismiss the appeal because of the failure of the appellants to file the transcript within thirty days of the filing of the notice of appeal, or any extension thereof, is without merit. The thirty-day period after notice of appeal expired December 30, 1966. On December 28, 1966, a sixty-day extension of the original thirty-day period was granted, which would expire on February 28, 1967. On that day an order was granted (which was within the sixty-day extension) extending the time thirty days. The fallacy in the appellee's argument is that the sixty-day extension began to run upon the expiration of the thirty days after notice of appeal and not, as

contended by the appellee, from the date of the order extending the time.

■ The trial judge did not abuse his discretion in denying a temporary injunction enjoining the continued construction of the apartment building, as being in violation of zoning ordinances of DeKalb County, as there is no evidence of the existence of the ordinances. The ordinances were not introduced in evidence, and it is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved. *Code* § 38-112. "A zoning ordinance for unincorporated areas of Fulton County, Georgia, adopted by the Board of Commissioners of Roads and Revenues of Fulton County pursuant to the Act of 1939 (Ga. L. 1939, p. 584), can not be judicially noticed by State courts. Such ordinances are treated as private statutes and must be alleged and proved as matters of fact in such courts. *Taylor v. Sandersville,* 118 Ga. 63 (44 SE 845)." *Lewenstein v. Curry,* 75 Ga. App. 22 (1) (42 SE2d 158); *Mayson v. City of Atlanta,* 77 Ga. 662 (5); *McDonald v. Lane,* 80 Ga. 497 (5 SE 628); *Savannah, Florida &c. R. Co. v. Evans,* 121 Ga. 391 (3) (49 SE 308); *Hill v. City of Atlanta,* 125 Ga. 697 (2) (54 SE 354, 5 AC 614).

While it is true that positively verified pleadings serve "the office of both pleading and evidence on the application for injunction" (*Saint Amand v. Lehman,* 120 Ga. 253 (4) (47 SE 949); *Roberts v. Roberts,* 180 Ga. 671 (3) (180 SE 491); *Bowers v. Dean,* 187 Ga. 700 (1 SE2d 655)), the record does not show that the original petition or the amendment, to which were attached copies of zoning ordinances, was verified, nor was there any admission in the answers of the existence of the pleaded ordinances. Since the ordinances were not introduced in evidence and there was no evidence before the court that such alleged ordinances were in force, the court could not determine whether the ordinances were being violated.

Nor did the court in the absence of proof of the zoning ordinances err in denying the admission in evidence of expected testimony of a city planner that, based on the documents and information available, in his opinion the zoning ordinance could not be complied with.

■ The evidence as to encroachment across the creek (the dividing line) upon the property of the appellants was conflicting. A surveyor testified that the pylon complained of did not encroach upon the appellants' property, and that a sewer line did not cross their property. There was no evidence that the appellants' property was being damaged in any way that called for immediate and urgent action by the court. "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." *Code* § 55-108. The court did not abuse its discretion in denying the temporary injunction as to encroachment upon the property of the appellants.

■ As to Marvin L. Beadle, the Planning Officer of DeKalb County, the court did not err in refusing to enjoin him from issuing further building permits, as there was no showing that any further permits were contemplated, or in refusing to enjoin him from not declaring null and void permits previously issued, and from not notifying public utility and service departments to withhold further service to the appellee. "An injunction may only restrain; it may not compel a party to perform an act. It may restrain until performance." *Code* § 55-110. To enjoin him from not doing something is to order him to do that something; thus it is mandatory and violative of *Code* § 55-110.

Assuming without deciding that the Commissioners of Roads and Revenues of DeKalb County are parties, the ruling made as to Beadle is applicable to them, as the injunctive relief sought would be to compel them to act, and would be mandatory.

*Judgment affirmed. All the Justices concur.*