## 44689. REEVES v. MORGAN et al.

PANNELL, Judge. 1. (a) Ordinances of counties and cities are not cognizable by the courts of this State by judicial notice, but such ordinances are treated as private statutes and must be alleged and proved as matters of fact. *Sweet v. Awtry,* 70 Ga. App. 334 (11) (28 SE2d 154); *Lewenstein v. Curry,* 75 Ga. App. 22 (1) (42 SE2d 158); *Mayson v. City of Atlanta,* 77 Ga. 662 (5); *McDonald v. Lane,* 80 Ga. 497 (5 SE 628); *Taylor v. City of Sandersville,* 118 Ga. 63 (44 SE 845); *Savannah, Fla. &c. R. Co. v. Evans,* 121 Ga. 391 (3) (49 SE 308); *Hill v. City of Atlanta,* 125 Ga. 697 (2) (54 SE 354, 5 AC 614); *Leger v. Ken Edwards Enterprises,* 223 Ga. 536, 539 (156 SE2d 651).

(b) Before a municipal ordinance is admissible in evidence, it must be pleaded and proved as a matter of fact. It was error for the court, over the objection of the plaintiff, to admit in evidence a city ordinance which had not been pleaded by the defendant in its answer. Id.

(c) There is nothing in the Civil Practice Act which changes the rule above set forth. While the ordinance here was offered and admitted for the purpose of proving that the plaintiff was guilty of contributory negligence because of the violation thereof, and no pleadings are required under the Act in order to assert such *defense,* neither was pleading of such *defense* required prior to the Civil Practice Act. Both before and after the Act, no pleading of this *defense* was required, as this defense could be shown under the denials of the answer. The doctrine of judicial notice is a rule of evidence (Zell v. American Seating Co., 138 F2d 641, 643, n. 6) and upon application of the Federal civil practice rules, which we have substantially adopted in the Georgia Civil Practice Act, in the absence of judicial notice, "[t]he foreign law should be pleaded, and the pleader should give not only the substance of that law but also appropriate citations of the applicable statutes and one or more citations of decisional law, if there be any" (Telesphore Couture v. Watkins, 162 FSupp. 727, 730; Bernstein v. N. V. Nederlandsche-Amerikaansche, Stoomvaart-Maatschappij, D.C.S.D. N.Y. 1951, 11 FRD 48, 49), and, "[u]nless foreign law is expressly pleaded 'the case must be decided according to the law of the federal courts as a question of general commercial law'" (F.A.R. Liquidating Corp.

v. Brownell, 130 FSupp. 691, 695; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 444 (9 SC 469, 32 LE 788)); and, even when considered as a rule of pleading under the Federal Rules of Civil Procedure, this requirement is not altered by those rules. See Empresa Agricola Chicama Ltda. v. Amtorg Trading Corp., 57 FSupp. 649, 650, where it said: "Unquestionably, by virtue of Rule 43 (a), F. R. C. P., the more liberal rule for the reception of evidence relating to foreign law, now operative in the New York State courts, has become applicable in the federal courts located in New York. But no such submission to State rules of pleadings, as distinguished from evidence, obtains in the federal courts under the Federal Rules of Civil Procedure. With respect to the requirements of a federal pleading, subdivision D of Section 344-a of the New York Civil Practice Act is, therefore, not controlling. The federal rule of pleadings is well established. Foreign law is matter of fact which must be pleaded and proved. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., (1889) 129 U. S. 397, 445 (9 SC 469, 32 LE 788); Rowan v. Commissioner of Internal Revenue (5 Cir., 1941), 120 F2d 515. Although Section 344-a has changed the character of proof admissible in this district court to prove foreign law, it has not dispensed with the necessity of pleading the foreign law, if it is to be proved."

By analogy to prior Federal cases construing the Federal rules of civil procedure as to the pleading and proof of foreign laws, we have shown that the Georgia Civil Practice Act, patterned after the Federal Act, did not effect any change in the theory of pleading ordinances as a prerequisite to their admission into evidence merely because the Georgia Civil Practice Act simplified the matter of pleading. However, by so doing, we do not mean to hold that the requirement as to pleading foreign laws either under the Federal rules or under the laws of this State, has not been changed by the amendment to the Federal rules (Rule 44.1) and a subsequent amendment to our rules by Section 10 of the Act of 1968 (Ga. L. 1968, pp. 1104, 1108) adding a subsection (c) to Section 43 of the Civil Practice Act as follows: "A party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony,

whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as a ruling on a question of law."

While the legislature of this State modified the requirements as to pleading foreign laws as a prerequisite to admission in evidence, it made no change in the requirements as to pleading city ordinances of this State. The legislature, not having seen fit to make the change in reference to city ordinances, this court can not legislate such a change.

2. A police officer testified that he had had three years experience in investigation of automobile accidents and had been trained in connection with this work and after testifying to the physical facts and indications of skid marks and tire marks at the scene of an accident, was asked by the defendant's attorney on cross examination: "Did you find any evidence of any speed on the part of the Morgan automobile?" And answered: "My opinion upon investigation there was no speed indication according to the skid marks." There was no error on the part of the trial judge in overruling an objection to such testimony which stated as the grounds therefor (a) that the witness was not qualified as an expert and (b) that the opinion failed to prove that the automobile was not exceeding the speed limit. "The question whether a witness is qualified to give his opinion as an expert upon the subject under investigation is one for the court, and not for the witness. The mere fact that the witness in his testimony may disclaim to be an expert is no reason for refusing to allow him to testify as one. *Glover v. State,* 129 Ga. 717, 724 (59 SE 816). The discretion of the trial court in determining the question of the witness' qualification to give an opinion will not be disturbed unless it is manifestly abused. *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755)." *Thornton v. Gaillard,* 111 Ga. App. 371 (2) (141 SE2d 771). Immediately after answering the question objected to, the witness testified as to the speed limit at that particular location. That the answer to the question here might not have been proof of what the questioner desired does not make the answer objectionable by the other party. Further, it was for the jury to interpret what the witness meant by the phrase "no speed indication" in his answer.

3. Where a party is examining a witness called by the party and the trial judge sustains an objection and refuses to permit the

witness to answer a question asked and error is enumerated on such ruling on appeal, it must appear that a pertinent question was asked, that the court refused to allow the answer, that the statement was made to the court at the time, showing what answer was expected and that such testimony was material and would have benefited the complaining party (*Allen v. Kessler*, 120 Ga. 319 (47 SE 900) ; *Griffin v. Henderson*, 117 Ga. 382 (2) (43 SE 712) ; *Ward v. Johnson*, 23 Ga. App. 479 (3) (98 SE 405) ; *Campbell v. Dysard Constr. Co.*, 40 Ga. App. 328 (2) (149 SE 713)). The record in the present case not disclosing that any statement was made to the trial judge as to what the witness was expected to testify to when objection was made to a question asked, we can not say that there was any harmful error in the action of the trial judge in sustaining the objection.

4. A witness for the plaintiff, who had been examined in chief and cross examined by the defendant, was permitted to leave the stand, and the trial court, over the objection of the plaintiff, permitted the defendant to recall the witness for the purpose of further cross examination as to a matter which had been overlooked in the prior cross examination of the witness. The conduct of the trial in this respect lies within the discretion of the trial judge, and in the absence of a showing of an abuse of the discretion, his actions must be affirmed. See in this connection *Cothran v. Forsyth*, 68 Ga. 560, 566, explaining *Gavan v. Ellsworth*, 45 Ga. 283, relied upon by appellant.

5. The evidence shows that the plaintiff was struck by the automobile driven by the defendant while returning to her home from a mail box across the street. A witness for the defendant testified that there were mail boxes on the same side of the street as the plaintiff's home as well as some on the other side of the street, the same as plaintiff's mail box. This testimony was objected to on the ground that "it was not established when the mail boxes were put there, whether yesterday or the day before or ten years ago and, therefore, it is irrelevant and immaterial to any issue in this case and I move to strike the answer." The trial court erred in not sustaining the objection to the evidence.

While pictures of the location were introduced in evidence without objection showing views of the street in both directions, these pictures do not, as contended by appellant, show mail

boxes on both sides of the street, which appellant contends would make the admission of the above testimony harmless; and even if the pictures do show mail boxes on both sides of the street, the evidence given by the witnesses in identifying the photographs state that the photographs were made just a few weeks before the trial, *which was not the same time as the time of the occasion under investigation.* The evidence objected to here left the time elements undecided, that being the very ground of objection. The admission of the photograph, therefore, did not create a harmless error.

6. Counsel for the appellant was cross examining a witness in relation to prior testimony by deposition made by the witness, and when questioned by opposing counsel about the time and place and then questioned about the page in the deposition referred to, replied that he was going to get to that, and then addressing the witness said: "On page 37 I asked you this question: 'Have you ever had an occasion to estimate the speed of people walking or running?' And you answered: 'I believe the fastest dash she was probably between 20 and 30 miles an hour top speed.'" After the appellant's attorney had finished his questioning, and the witness had attempted to explain his statement, the attorney for the defendant was permitted to read to the jury the remainder of the deposition concerning the particular subject matter. There was no error in so doing. Section 26 (d) of the Georgia Civil Practice Act (*Code Ann.* § 81A-126 (d)). If the attorney for the appellant had questioned the witness by asking the witness "Did I ask you the following question and did you give me the following answer," a different question would be presented. Here, however, the appellant read into the record as a fact that the question was asked and the answer was given. Under these circumstances, the attorney for the appellant had introduced that portion of the statement in evidence, and under the rule of Section 26 (d) the opposing party was entitled to introduce the remainder, or such portion thereof as was pertinent. The trial court did not err in permitting this to be done.

7. Whether the following charge, when considered with the remainder of the charge in the case, was so harmful as a matter of law as to require this court to consider it in the absence of an objection, we do not decide; but since the case goes back for new trial on other grounds, and because of the like-

lihood of its being repeated, we deem it advisable to consider it. The charge is as follows: "Now in this connection, having reference now to the statutes and ordinances I have just alluded to, I charge you that should you find from the evidence in this case that either party violated the law of the State of Georgia or the City of Atlanta, such a violation would constitute negligence per se. And should you further find that that violation, either one or more, if there be any such violation, directly caused or contributed to the event which is the basis of this lawsuit, *it would be your duty to find for the party not so guilty of negligence on that particular issue.*" This charge entirely eliminated from the case the doctrine of comparative negligence in so far as it might relate to negligence per se, and was error.

8. The remaining enumerations of error relate to the charges of the court as given and to the refusal of the court to charge certain requests. To the charges complained of, no objection was made prior to the return of the jury verdict. As to the failure to charge certain requests, the objection made merely objected to the failure to charge a designated request, in some instances reciting the subject matter. In none of these instances was any ground of objection stated. Under Section 17 of the Appellate Practice Act of 1965 as amended by Section 9 of the Act of 1968 (Ga. L. 1965, pp. 18, 31; Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207) it is necessary that an appellant make proper objection to a charge as given or to a request refused and state the grounds therefor before the jury returns its verdict. The mere exception to a failure to give a numbered request to charge fails to meet this requirement. *U. S. Security Warehouse v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392). None of the charges given and none of the failures to charge as requested, other than as hereinbefore dealt with, shows such harmful error as a matter of law so as to require their consideration under paragraph (c) of Section 17 of the Appellate Practice Act. See in this connection *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98 (150 SE2d 271); *Barlow v. Rushin,* 114 Ga. App. 304 (151 SE2d 199); *Southwire Co. v. Franklin Aluminum Co.,* 114 Ga. App. 337 (151 SE2d 493); *Clark v. Belleau, Inc.,* 114 Ga. App. 587 (151 SE2d 894).

9. The trial court erred in overruling the plaintiff's motion for new trial on the grounds stated in Divisions 1, 5 and 7.

*Judgment reversed. Evans, J., concurs. Quillian, J., concurs in the judgment only.*

ARGUED SEPTEMBER 11, 1969—DECIDED MARCH 13, 1970—
REHEARING DENIED MARCH 26, 1970—

*Bryan, Carter, Ansley & Smith, M. D. McLendon, William S. Rhodes,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, Sewell K. Loggins,* for appellees.

QUILLIAN, Judge. I disagree with that which is held in Division 5 of the majority opinion and therefore concur in the judgment only.