25880. MORGAN et al. v. REEVES.

ARGUED JULY 14, 1970—DECIDED SEPTEMBER 15, 1970— REHEARING DENIED SEPTEMBER 24, 1970.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, Sew-·ell K. Loggins,* for appellants.

*Bryan, Carter, Ansley & Smith, Melburne D. McLendon,* for appellee.

PER CURIAM. We granted this application for certiorari in order to review the Court of Appeals' holding that the Civil Practice Act (Ga. L. 1966, p. 609; 1967, p. 8; 1967, p. 226) does not change the rule that a municipal ordinance must be pleaded and proved before it is admissible in evidence. The application also involves two other assignments of error which will be referred to later.

These rulings were made in *Reeves v. Morgan,* 121 Ga. App. 481 (174 SE2d 460), which reversed the trial court's judgment in favor of the defendants. Mrs. Ella Reeves brought suit in the Superior Court of Fulton County against Wayne D. Morgan and Henry G. Morgan seeking recovery for alleged personal injuries. She and an automobile, owned and operated by the defendants, collided while she was attempting to cross a street within the City of Atlanta. Each blamed the other for it. The

jury found for the defendants, and the plaintiff's motion for new trial was denied.

Upon the trial, the defendants sought to introduce certain properly certified City of Atlanta ordinances which related to pedestrians' use of the streets and other traffic regulations in their effort to establish contributory negligence on the part of the plaintiff.

The plaintiff objected to the introduction of these ordinances upon the ground that they had not been pleaded by the defendants in their answer. The trial court overruled this objection.

■ In reversing the trial court's ruling as to the admissibility of these ordinances, the Court of Appeals, in our opinion, erred.

In considering this issue, we feel it unnecessary to deal with the defendants' contention that in this instance the plaintiff was not harmed by the defendants' failure to plead the ordinances in view of what had transpired prior to trial among counsel and the court with reference to such ordinances.

Rather, we rest our conclusion upon the proposition that the Civil Practice Act, supra, does change the requirement that a municipal ordinance be pleaded before it may be admitted in evidence.

The rule in this State has been that municipal ordinances must be alleged and proved as matters of fact before being admitted in evidence. *McDonald v. Lane*, 80 Ga. 497 (5 SE 628); *Sweet v. Awtry*, 70 Ga. App. 334 (11) (28 SE2d 154).

However, we deem this rule to be no longer in force.

One of the paramount purposes of the Civil Practice Act, supra, is to simplify procedure in civil cases. This is apparent from its provisions with reference to defensive pleadings. Section 8 (b) provides that "A party shall state in short and plain terms his defenses to each claim asserted. . ." Ga. L. 1966, pp. 609, 619 (*Code Ann.* § 81A-108 (b)). Section 8 (c) lists the affirmative defenses which must be pleaded, and neither municipal ordinances nor contributory negligence are among these. Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230 (*Code Ann.* § 81A-108 (c)). Section 84 states that the forms contained in Sections 101 through 134 (*Code Ann.* §§ 81A-301 through 81A-332) are sufficient, with stated exceptions not applicable here. Ga. L. 1966, pp. 609, 670; 1967, pp. 226, 248 (*Code Ann.* § 81A-184).

Therefore, from our study of the Civil Practice Act, supra, we hold there is now no requirement that municipal ordinances be specifically pleaded as a prerequisite to their admission in evidence.

Having dealt with the issue prompting our grant of the application for certiorari, we now treat the others also involved.

■ The second assignment of error is predicated upon the Court of Appeals' holding that certain testimony offered by the defendants regarding the location of mail boxes should have been stricken.

The evidence was that the plaintiff and the defendants' automobile collided while the plaintiff was returning to her home from a mail box located across the street. The defendants submitted testimony that there were mail boxes on both sides of the street. The trial court overruled the plaintiff's objection to this testimony. The Court of Appeals ruled that the trial court erred in not sustaining the objection and that the error was not rendered harmless by certain other evidence, which is not necessary to recite here.

As we appraise this testimony, it should have been stricken, but its admission was not harmful to the plaintiff. While testimony as to mail boxes being on both sides of the street instead of on only one side did to some degree depict the scene of the accident, whether there were mail boxes on both sides was not germane to any issue in the case. The fact is that the plaintiff was returning from one on the opposite side of the street from her home.

Therefore, we hold that admission of this testimony was not cause for reversal of the trial court's judgment, and the Court of Appeals erred as to this feature of the case.

■ The third assignment of error presents nothing for review.

It complains of the Court of Appeals' "consideration of an excerpt from the trial court's charge to the jury which was not excepted to by plaintiff at the time of trial and which was not in error taken in the context of the charge as a whole."

However, the Court of Appeals, in its opinion, expressly refrained from *deciding* whether the excerpt was so harmful as a matter of law as to require that court to consider it in the absence of an objection. It chose to *consider* it because of the

likelihood of repetition upon retrial. Under our rulings in Divisions 1 and 2, supra, there will not be a new trial.

For the foregoing reasons, the judgment of the Court of Appeals is

*Reversed. All the Justices concur, except Almand, C. J., Mobley, P. J., and Grice, J., who dissent.*

GRICE, Justice, dissenting. I dissent from Division 1 and the judgment of reversal because I take the view that the Civil Practice Act (Ga. L. 1966, p. 609, as amended) does not change the well established rule that municipal ordinances must be pleaded before they may be admitted in evidence. There is no language in that Act which supports such conclusion by the majority.

I am authorized to state that Chief Justice Almand and Presiding Justice Mobley join me in this dissent.