190 Ga. App. 220 (1989)
378 S.E.2d 400
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
UNITED STATES FIDELITY & GUARANTY COMPANY et al.
77435.
Court of Appeals of Georgia.
Decided February 8, 1989.
John T. Croley, Jr., for appellant.
Donald D. Rentz, for appellees.
CARLEY, Chief Judge.
Upon discovering that the brakes of his jeep were not working properly, Louis Laminack took the vehicle to Roscoe Brown. Brown had repaired Laminack's vehicles on several prior occasions and, on those prior occasions, Laminack had allowed Brown to drive the vehicles for his personal convenience. On this occasion, Brown determined that the jeep's brake cylinders needed to be replaced and the vehicle was left with him. Prior to making the repairs, Brown decided to drive the jeep to his house and eat dinner. On his way, Brown collided with an automobile which was being driven by Katherine Lewis.
At the time of the collision, the following insurance policies were in full force and effect: Laminack's jeep was insured under a policy issued by appellant-defendant State Farm Mutual Automobile Insurance Company (State Farm). The automobile that was being driven by Ms. Lewis was insured under a policy issued by United States Fidelity *221 & Guaranty Company (USF&G). Brown was insured under a policy which had been issued to his wife by appellee-defendant Georgia Mutual Insurance Company (GMIC). State Farm denied coverage for the collision, relying upon the "automobile business" exclusion in Laminack's policy and Brown's lack of permission to drive Laminack's jeep. GMIC denied coverage, relying upon the "repair shop" exclusion in Mrs. Brown's policy. Thereafter, USF&G brought a declaratory judgment action, seeking a determination as to whether the policies issued by State Farm and GMIC provided coverage to Mr. Brown at the time of the collision.
The case was submitted to the jury for the return of a special verdict. Based on the special verdict returned by the jury, the trial court entered a judgment declaring that Mr. Brown was afforded coverage under the policy issued to Laminack by State Farm. However, the trial court granted State Farm's motion for new trial and another jury trial was held.
At the conclusion of the second trial, the trial court again submitted the case to the jury for the return of a special verdict. The jury was first asked: "Did Louis Laminack give consent, either express or implied, for Roscoe Brown to operate his 1977 Jeep automobile for Roscoe Brown's personal convenience on October 11, 1986?" The jury's answer to his question was "yes." The jury was then asked: "Did the accident of October 11, 1986, in which Roscoe Brown was involved, arise out of the operation of a car business?" The jury answered "no" to this question. Based on the jury's special verdict, the trial court again entered a judgment declaring that Mr. Brown was afforded coverage under the policy issued to Laminack by State Farm. State Farm appeals from the judgment entered on the jury's verdict.
1. State Farm enumerates as error the trial court's failure to sustain an objection to the first of the two questions submitted to the jury. State Farm contends that that question should have been phrased in terms of whether Laminack had expressly or impliedly consented to Brown's driving of the jeep for his personal convenience only after completion of the brake repairs. Under the evidence introduced at trial, however, the jury would have been authorized to find either that Laminack had given Brown unqualified permission to drive his jeep or that Laminack had given Brown no permission whatsoever to drive his jeep. There was no evidence which would have authorized the jury to find that Brown had been given permission to drive the jeep only after the repairs were made. See generally Mattison v. Travelers Indemn. Co., 157 Ga. App. 372, 373 (1) (277 SE2d 746) (1981); American Employers Ins. Co. v. Johns, 122 Ga. App. 577, 579 (1) (178 SE2d 207) (1970). "Since there was no evidence on the trial on the question which the appellant requested the trial [court] to *222 submit to the jury, there was no error in [its] refusal to submit such question." Anthony v. Morris Hyles, Inc., 222 Ga. 628, 630 (151 SE2d 450) (1966).
2. State Farm objected to the second of the two questions submitted to the jury, urging that, as phrased, that question did not accurately reflect the actual terms of the automobile business exclusion contained in Laminack's policy. The overruling of this objection is enumerated as error.
The policy issued by State Farm to Laminack contained the following exclusion: "There is no coverage: While any vehicle insured under this section is: being repaired, serviced, or used by any person employed or engaged in any way in a car business." (Emphasis supplied.) As phrased, however, the second question asked the jury to determine whether the collision arose "out of the operation of a car business." (Emphasis supplied.) "There are two main types of `automobile business' exclusions. The `older type,' providing a narrower exclusion and correspondingly greater insurance coverage, focuses on the use to which the automobile is being put at collision-time and is phrased in terms of excluding coverage for automobiles being `used' in the automobile business. [Cits.]. . . . The exclusion in the present appeal is the `newer' exclusion and its language .. . focuses on the person in whose charge the automobile is at collision-time." Haley v. State Farm Mut. &c. Ins. Co., 130 Ga. App. 258, 260 (202 SE2d 838) (1973). See also Phoenix Ins. Co. v. Morters, 179 Ga. App. 40 (345 SE2d 128) (1986).
Thus, the second question that was submitted to the jury reflects an improper interpretation of the applicable exclusionary provision as being of the "older type." By phrasing the question in terms of whether the collision arose "out of the operation of a car business," the trial court, in effect, asked the jury to determine whether the jeep was "being used in an automobile business" at the time of the collision. Since the applicable exclusion was of the "newer type," the relevant focus was upon Mr. Brown and not upon the use to which the jeep was being put at the time of the collision. Accordingly, the trial court erred in failing to sustain State Farm's objection to the question and, consequently, erred in submitting that question to the jury.
3. Several of State Farm's enumerations relate to the trial court's instructions to the jury with regard to the automobile business exclusion provision contained in Laminack's policy. All of the instructions to which these enumerations relate utilize the "arose out of the operation of a car business" language when discussing the exclusionary provision. As discussed in Division 2, the employment of such language does not accurately reflect the terms and scope of the applicable exclusion. Accordingly, the giving of the inapplicable instructions was erroneous.
*223 4. Laminack was cross-examined with regard to statements that he had made in an earlier deposition. The purpose of this cross-examination was to show the existence of a conflict between his deposition testimony and his testimony at trial. At the conclusion of the cross-examination, counsel for State Farm requested that he be allowed to read to the jury certain other portions of Laminack's deposition so as to show the context in which its insured's prior statements had been made. The trial court refused, and this ruling is enumerated as error.
OCGA § 9-11-32 (a) (5) provides, in pertinent part, "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." "Fairness demands that no less than all portions relevant to that interrogated about be introduced at the same time. These may fully explain any apparent conflict, or at least place the witness in better position to reconcile or explain it. A statement out of context and without accompanying explanatory matter may be damaging and unfairly so." Wells v. Alderman, 117 Ga. App. 724, 735 (162 SE2d 18) (1968). It follows that the trial court erred in refusing State Farm the opportunity to introduce portions of Laminack's deposition which were relevant to the parts introduced on his cross-examination. See Reeves v. Morgan, 121 Ga. App. 481 (6) (174 SE2d 460) (1970), rev'd on other grounds 226 Ga. 697 (177 SE2d 68) (1970). See also Strother Ford, Inc. v. Bullock, 142 Ga. App. 843, 846 (5) (237 SE2d 208) (1977); City Council of Augusta v. Youngblood, 120 Ga. App. 616 (1) (171 SE2d 766) (1969).
5. The trial court's failure to give State Farm's requested charge on the principle of revocation of consent is enumerated as error. However, "[w]e find that the trial judge's refusal to give the . . . request to charge was not error, because the requested charge was . . . fairly given to the jury in the general charge of the court. `(I)t is no longer necessary to give the exact language . . . when the same principles are fairly given to the jury in the general charge of the court. [Cit.]' [Cit.]" Shirley v. State, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980).
6. The trial court's charge as a whole is enumerated as error, the contention being that it was repetitive and argumentative. "`When the whole charge of the court is excepted to, the exception will not be sustained unless the whole charge is wrong. If the object be to reach defects or imperfections in particular parts, they must be pointed out.' [Cits.]" McTyre v. King, 215 Ga. 417, 421 (5) (110 SE2d 651) (1959). The enumeration "assigning error on the charge as a whole being argumentative and biased . . . presents nothing for consideration. . . ." Wright v. Concrete Co., 107 Ga. App. 190, 200 (9) (129 SE2d 351) (1962).
7. At the charge conference, the trial court indicated that it would not give a particular request to charge. However, this previously *224 rejected instruction was included in the charge subsequently given to the jury. State Farm enumerates this as error, urging that it was deprived of the opportunity to pattern its argument to the law which was charged. After the charge was given, however, State Farm made no request for reargument. Therefore, "we conclude that the initial rejection of the requested instruction is not, by itself, a proper basis for the grant of a new trial." Daniels v. State, 137 Ga. App. 371, 376 (4) (224 SE2d 60) (1976). See also Hudson v. State, 150 Ga. App. 126 (3) (257 SE2d 312) (1979).
8. The remaining enumeration of error has been considered and found to be without merit.
Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs specially.
DEEN, Presiding Judge, concurring specially.
The majority opinion relies on Reeves v. Morgan, 121 Ga. App. 481 (6) (174 SE2d 460) (1970). Reeves was overruled by the Supreme Court of Georgia on a different point. Further, Judge Quillian took exception to Division 5 and concurred in the judgment only. To cite and rely upon this case now lessens and limits the precedential value of the instant case. Otherwise, I concur fully.