## A91A0082. MARTIN v. REED et al.
### (409 SE2d 874)

CARLEY, Judge.

Appellant-plaintiff lost control of his vehicle which then collided with a guardrail. Appellant was injured in the wreck and received medical treatment from appellee-defendants. However, he nevertheless became paralyzed. Alleging that his paralysis was the proximate result of appellees' negligent misdiagnosis of the extent of his injuries, appellant instituted this medical negligence action. The case was tried before a jury and a verdict in favor of appellees was returned. Appellant appeals from the judgment that was entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the refusal to give a requested charge on the issue of the "spoliation" of evidence.

"Spoliation" is defined as "[t]he destruction, or the significant and meaningful alteration of a document or instrument." Black's Law Dictionary (5th ed.). " 'Spoliation of evidence raises a presumption against the spoliator.' [Cit.]" *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (2) (165 SE2d 581) (1968). However, contrary to appellant's contention, there is no evidence whatsoever of any such "spoliation" of evidence by appellees in the instant case. Since it was not authorized by the evidence, the charge on "spoliation" of evidence was correctly refused.

2. The trial court refused to allow into evidence testimony as to whether hospital policy would mandate the initiation of an internal investigation into the placement of a "mark" on one of appellant's x-rays.

The existence of such a hospital policy obviously has no relevancy whatsoever to any issue in the instant case. The existence of such an internal investigative policy certainly does not demonstrate that the "mark" constituted "spoliation" of evidence. The excluded testimony was utterly irrelevant and, therefore, it was not error for the trial court to refuse to admit it into evidence.

3. Appellant enumerates as error the admission into evidence of the deposition testimony of a Dr. Murphy.

The record demonstrates that such objections as were raised by appellant related solely to the issue of Dr. Murphy's credibility rather than to the admissibility of his testimony. "Whether there was insufficient knowledge upon which the expert could render his opinion goes not to the admissibility of that opinion, but to the credibility of the witness. [Cits.]" *APAC-Ga., Inc. v. Padgett*, 193 Ga. App. 706, 710 (2) (388 SE2d 900) (1989). Accordingly, the trial court correctly allowed the testimony over appellant's objections.

4. Appellant enumerates as error the admission into evidence of the opinion of a Dr. Howell that appellees had complied with the ap-

plicable standard of care. Appellant's objection went to the competency of Dr. Howell to give such an expert opinion.

A witness' expression of doubts about his own competency as an expert will not necessarily serve to disqualify him from giving an expert opinion. In the instant case, however, Dr. Howell did not merely express doubts about his own competency to give an expert opinion as to appellees' malpractice. Dr. Howell acknowledged his own *incompetency* to analyze x-rays. Since appellees' alleged malpractice related to the analysis of appellant's x-rays, Dr. Howell's acknowledgment was, in effect, an admission that he was not competent to give his *own* expert opinion as to appellees' malpractice. An expert may not "base his opinion upon the opinion of another, especially an opinion which is not even testified to at trial. [Cit.]" *Hyles v. Cockrill*, 169 Ga. App. 132, 134 (4) (312 SE2d 124) (1983). Since Dr. Howell had acknowledged that he had no personal competency in the area of x-ray analysis, any opinion that he may have drawn as to appellees' malpractice would necessarily have no probative value as an expert opinion and would be inadmissible as such. Therefore, the trial court erred in failing to sustain appellant's objection to the admission of Dr. Howell's purported expert opinion testimony.

5. The refusal to give the following request to charge is enumerated as error: "[Y]ou are not to consider the cause of [appellant's] automobile wreck when deciding whether [appellees are] liable in this case. You should not consider the cause of the wreck because there is no legal connection between [appellant's] actions while driving on the highway and [appellees'] later actions at the . . . [h]ospital."

This refused request to charge does *not* purport to address the connection between the automobile *wreck* and the *damages* that appellant sought to recover. It purports to address the connection between the *cause* of the original automobile wreck and appellees' alleged subsequent *malpractice*. In effect, the requested charge correctly states that "[t]he cause of the injury for which appellant sought treatment has absolutely no relevancy to whether [he] somehow contributed to any of the subsequent injuries sustained as the result of appellees' allegedly negligent treatment [and] diagnosis. . . . [Cit.]" *Overstreet v. Nickelsen*, 170 Ga. App. 539, 540 (1) (317 SE2d 583) (1984).

The evidence did not demand a finding of appellees' subsequent malpractice, and the jury would have been authorized to find that the original automobile wreck was the sole proximate cause of appellant's paralysis. However, the evidence likewise did not demand a finding of appellees' conformity to the applicable standard of care, and the jury would have been authorized to find that their subsequent malpractice was the sole proximate cause of appellant's paralysis. What the jury would *not* have been authorized to find is that, although appellees'

subsequent treatment and diagnosis did constitute malpractice, a recovery therefor was barred because the original automobile wreck had been caused by appellant. Those patients who may have negligently injured themselves are nevertheless entitled to subsequent non-negligent medical treatment and to an undiminished recovery if such subsequent non-negligent treatment is not afforded. Since the refused request to charge states a correct and applicable principle of law, it was error for the trial court to have failed to give it.

6. Neither the evidentiary error discussed in Division 4 nor the error in the charge discussed in Division 5 was harmless. Accordingly, the judgment must be reversed and a new trial held.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope and Cooper, JJ., concur. Sognier, C. J., Banke, P. J., Beasley and Andrews, JJ., dissent.*

BEASLEY, Judge, dissenting.

Plaintiff Edward Martin sought recovery for injuries he sustained from alleged medical malpractice by defendants Michael Reed, M.D., and Cartersville Radiology Group, P.C.

Martin alleged that Dr. Reed misread Martin's x-rays and missed the fact that Martin had seriously injured his neck when he had a seizure while driving his car and crashed, with the result that Martin's neck was not immobilized and in less than three days he was partially paralyzed.

I respectfully dissent because of the rulings in Divisions 4 and 5.

1. As to Division 4, objection was made to the testimony of Dr. Howell, an internal medicine specialist, whose opinion was that Dr. Reed exercised that degree of care exercised generally by physicians under like conditions and circumstances. The ground of objection was that the doctor admitted earlier that he was not competent to read cervical spine x-rays. The argument is that, because the central issue involved whether Dr. Reed negligently read the x-rays, Dr. Howell was disqualified from testifying whether Dr. Reed exercised the proper degree of care.

Dr. Howell was making an overall assessment which he stated was predicated on deposition testimony of Dr. Murphy and Dr. Harbin, whose deposition was not introduced at trial. He was evaluating Dr. Reed from the standpoint that both the other doctors had difficulty in diagnosing Martin's condition.

Where an expert's testimony is based on hearsay, lack of personal knowledge does not mandate exclusion of his opinion but presents a jury question as to the weight which should be assigned to that opinion. *King v. Browning*, 246 Ga. 46, 47 (268 SE2d 653) (1980). Also, a witness' expression of doubt about his own competency does not disqualify him from testifying as an expert witness. *Askew v. State*, 185

Ga. App. 282 (1) (363 SE2d 844) (1987); *Reeves v. Morgan*, 121 Ga. App. 481, 483 (2) (174 SE2d 460) (1970) (reversed on other grounds 226 Ga. 697 (177 SE2d 68) (1970)).

2. As to Division 5, the requested instruction amounted to a directed verdict insofar as whether there was any connection between the automobile wreck and the damages for which plaintiff sought recovery. Although Martin introduced testimony that immobilization of his neck would have prevented his paralysis, he failed to demonstrate that the evidence demanded a finding that Dr. Reed's negligent reading of the x-rays was the sole cause of his final, resulting injuries. "'Negligence alone is insufficient to sustain recovery. It must be proven that the injury complained of proximately resulted from such want of care or skill.'" *Hawkins v. Greenberg*, 166 Ga. App. 574, 575 (304 SE2d 922) (1983). See *Parrott v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269) (1978). Unless the evidence requires a particular finding, "it is the province of the jury to say whether the result was caused by the negligence." *Pilgrim v. Landham*, 63 Ga. App. 451 (3) (11 SE2d 420) (1940). That being true, the written request to charge was not applicable to the evidence, and the refusal to charge it was correct. *Seaboard C. L. R. Co. v. Thomas*, 229 Ga. 301, 302 (190 SE2d 898) (1972).

The judgment of the trial court, which was in accord with the verdict of the jury, should be affirmed.

I am authorized to state that Chief Judge Sognier, Presiding Judge Banke, and Judge Andrews join in this dissent.

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 —

*D. Lake Rumsey, Jr., Tom W. Brown*, for appellant.
*Brinson, Askew & Berry, Robert M. Brinson, Joseph B. Atkins*, for appellees.